BUTLER, Respondent, v. KILPATRICK et al., Appellants.

(162 N. W. 371.)

(File No. 4048.   Opinion filed April 17, 1917.   Rehearing denied May 23, 1917.)

**Master and Servant—Injury to Thresher "Separatorman" in Self-feeder Gear—Casing Absent—Contributory Negligence—Sufficiency of Evidence.**

Where the casing over the self-feeder gearing of a thresher had, two days before the accident, been taken off with plaintiff's knowledge, and plaintiff, defendant's employee and "separatorman," went on top of separator, lay down thereon and, while the machine was in operation, reached over its edge and, with his hand between the uncovered gearing and the separator, attempted to feel of the boxing inclosing shafting connected with the gearing, to ascertain whether the boxing was or not heating, an act which would have been impossible when the casing was in place and the separator operating, and was severely injured; it clearly appearing that the plan of the machine contemplated that no attempt should be made to feel of the boxing when the machine was in motion; held, that plaintiff was guilty of contributory negligence; and that the evidence fails to support the verdict for plaintiff.   Perreault v. Wisconsin Granite Co., 32 S. D. 275, 144 N. W. 110, and Iverson v. Look, 32 S. D. 321, 143 N. W. 332, distinguished.

McCoy, and Smith, JJ., dissenting.

Appeal from Circuit Court, Brown County.   Hon. JAMES Mc-NENNEY, Judge.

Action by Louis Butler, against D. V. Kilpatrick and others, co-partners as Traver & Company, to recover for personal in-

juries. From a judgment for plaintiff, and from an order deny-
ing a new trial, defendants appeal. Reversed.

*Geo. H. Fletcher,* for Appellants.

*E. B. Harkin,* for Respondent.

Appellant cited: 1, Labatt on Master and Servant, Sec. 388;
Bresette v. E. B. & A. L. Stone Co., Cal., 121 Pac. 312; 1 Neg-
ligence and Compensation Cases Annotated, p. 869; Schweinforth
v. Schwenk Barth Brewing Co., 153 N. W. 908.

Respondent cited: Perreault v. Wisconsin Granite Co., 32
S. D. 275.

WHITING, J. Action to recover damages for personal in-
jury alleged to have been sustained by reason of defendants' neg-
ligence. Verdict and judgment for plaintiff, and defendants ap-
pealed from the judgment and an order denying a new trial.

But two questions are presented: (1) The sufficiency of the
complaint; (2) the sufficiency of the evidence to support the ver-
dict. We deem it unnecessary to consider the first.

Defendants were the owners of a threshing outfit. Plaintiff
was employed by them in the capacity of "separatorman." It was
plaintiff's duty to look after the running of the separator, and the
various parts thereof. As a part of his work he looked after the
oiling of the separator. Attached to the separator was a self-
feeder. This self-feeder was run by means of a cogwheel gear-
ing situate on the side and near the top of the separator about 8
feet from the ground. This gearing was inclosed in a metal casing
or guard. It appears that the shaft attached to one of these cog-
wheels passed through a boxing situate close up to the side of the
separator. The top of the separator extended over and some 3
or 4 inches beyond the frame thereof, thus forming a shelf above
the boxing and the gearing. When this casing was in place, it
was impossible for one, while the separator was in operation, to
reach to and feel of the said boxing, the same being between the
gearing and the separator and about 2 inches from the gearing.
The oil for the boxing reached it through an oil-tube running
from the top of the separator. This casing over the gearing was,
with plaintiff's knowledge, taken off on September 2nd. On
September 4th, the plaintiff, desiring to ascertain if the boxing
above mentioned was heating (the same having during the pre-
ceding 10 days been heated twice), went up on the top of the

separator, lay down thereon, and, while the separator was in operation, reached over the edge of the separator and, with his hand between the uncovered gearing and the separator, attempted to feel of such boxing to ascertain whether or not it was heating. In so doing his thumb came in contact with the meshing gear and he was severely injured. Plaintiff, in attempting to reach the boxing, had to reach over the edge of and under this shelf and then down between the separator and the meshing gears. It clearly appears that the plan of such machine contemplated that no attempt should be made to feel of this particular boxing except when the machine was not in operation.

Plaintiff seeks to recover upon the theory that the defendants had not furnished him with safe machinery with which, and therefore not a safe place within which, to work, and he relies in support of the judgment herein upon the cases of Perreault v. Wisconsin Granite Co., 32 S. D. 275, 144 N. W. 110, and Iverson v. Look, 32 S. D. 321, 143 N. W. 332. Defendants contend that plaintiff was guilty of contributory negligence and that the above cases are not in point. Defendants are clearly right in their contention, as the situation presented by the facts of this case is not analogous to the situation revealed by the facts in the two cases above referred to. In each one of those cases the plaintiff was injured while in the discharge of a duty that devolved upon him and while in the proper discharge of such duty. It is true that, in the present case, plaintiff was injured while trying to ascertain the condition of this box—a duty which devolved upon him—but he was discharging this duty at a time and in a manner not in the line of the proper discharge of such duty. Plaintiff testified:

"If the guard had been there, I couldn't have gotten my hand in there at all, and I didn't realize that I was in danger of having my hand drawn into the wheel and crushed."

The last part of this statement would have been very material if it were not for the first part of same. If the mechanism of the machine, in its normal condition, had contemplated the reaching to this boxing to examine its condition while the separator was in operation, and then, after the removal of the guard, plaintiff in attempting to discharge his duty, not realizing that he "was in danger of having my (his) hand drawn into the wheel and crushed," had received his accident, the situation would be anal-

ogous to that in, and this case would be ruled by, the two cases above mentioned. It must be remembered that the plaintiff had full knowledge that the mechanism of this machine did not contemplate the examination of such boxing while the separator was in motion; this knowledge came from the fact that he could not reach such boxing when the casing or guard was over it. Plaintiff, testifying in relation to his ability to ascertain whether the boxing was heating before the guard or casing was removed, said:

"There was no way of finding it out then until the machine stopped at night. I waited then because there was no way of getting at the box. * * * I knew it couldn't be done before that, but after the casing was off I put my hand down there to feel of the box."

He reached and felt of such boxing with the full knowledge that the guard or casing was removed. An entirely different situation would have been presented if, while moving about the separator in the proper discharge of his duties, plaintiff, or any one else employed about such machine, had inadvertently come in contact with such uncovered gear and been injured thereby. We can hardly imagine a clearer case of negligence than for one, working about a piece of machinery which, in its normal condition, would not permit of a certain act, to take advantage of an occasion when he knows such machinery to be in an abnormal and dangerous condition, but yet a condition which permits of such act, and undertake such act regardless of such known dangerous condition and regardless of the fact that the duties of his position did not call upon him to do such act. One so acting, and acknowledging, as plaintiff does, that, "I knew there were cogwheels there on the end of the shaft, and I knew that the cogwheel on the end of the shaft meshed with another cogwheel, and I knew that if I got my hand between the two wheels it would be injured," cannot escape the consequences of his negligent and unwarranted act upon the pretext that, "I didn't think anything about it." If this guard or casing had been removed before he commenced work around the machine, and he had not been advised that this boxing was to be examined only when the machine was not in operation, then there would be some ground for claiming that he had a right to suppose that his duties required him to feel of this boxing while the machine was in motion; in which case,

if he did so not thinking of or realizing the danger connected with such act and was injured, he might have some basis upon which to rest an action for damages.

The judgment and order appealed from are reversed.

McCOY, J. ('dissenting.) I have the misfortune of not being able to agree with the majority of my Associates in this case. As I view the record, this case should be governed by the Perreault and Iverson Cases. The logic of these two decisions is that the defendant was under the legal duty of furnishing plaintiff safe tools with which to work, and that the dangers arising from the use of such unsafe tools were not of such open, visible, and plain a nature as to impute, to the servant required by the master to use the same, legal contributory negligence. This was the question presented in these cases, and on no other theory can such decisions be sustained. It seems to me that my worthy Associates have wholly failed to grasp or comprehend the legal principle involved, as was thought to have been sustained, by the decisions in those two cases. The fallacy of the proposition on which the majority opinion is based fully appears in that part of the opinion which is as follows:

"Plaintiff testified: 'If the guard had been there, I couldn't have gotten my hand in there at all, and I didn't realize that I was in danger of having my hand drawn into the wheel and crushed.' The last part of this statement would have been very material if it were not for the first part of same. If the mechanism of the machine, in its normal condition, had contemplated the reaching to this boxing to examine its condition while the separator was in operation and then, after the removal of the guard, plaintiff in attempting to discharge his duty, not realizing that he 'was in danger of having my (his) hand drawn into the wheel and crushed,' had received his accident, the situation would be analogous to that in, and this case would be ruled by, the two cases above mentioned."

The trouble with this statement is that the guard was not on the machine at the time of the injury, and the machine was not in a normal condition at that time. The fact that this machine at one time had a guard on and had been in a normal condition has nothing in the world to do with the determination of the issues in this case, clearly showing that the majority opinion is

based wholly upon a condition of affairs existing prior to the injury. If the plaintiff had gone upon this machine while it was in its normal condition and in some manner had managed to get his hands into the cogs of this wheel, that would have presented another case, but which is not this case by any means. The negligence charged in this case was that the owner of this machine required the plaintiff to work therewith and use the same while it was out of normal condition with no guard over the cogwheels in question. This is the state of facts on which this decision of necessity must be based. It was this out of normal condition that rendered this machine an unfit and an unsafe tool for plaintiff to work with. It was plaintiff's duty to ascertain whether these boxings became heated while operating this machine in its out of normal condition. It is this condition, as shown by the evidence, that fairly brings this case within the rule anounced in Perreault and Iverson Cases. Under these conditions, *as stated in the majority opinion,* the Perreault and Iverson Cases would become controlling. These *were the conditions* under which the plaintiff received his injury. He did not receive his injury by reason of any condition of this machine that existed while it was in a normal condition with the guard on. The fact that there was at one time prior to said injury a guard on said machine amounts no more than to a distinction between this case and the Perreault and Iverson Cases without any possible difference. In the Perreault Case the plaintiff while working with an unsafe machine had his foot caught between certain cogwheels; there had been some change in the working of the cogwheels; he knew they were there, but they were not open to his observation at all times while he was at work; he said he did not have the cogwheels, and the injury he might receive from coming in contact therewith, in mind at the instant of the injury. It was urged by the defendant that plaintiff was guilty of contributory negligence because he knew of these cogwheels, that they were open to his observation, and that he assumed the risk of being injured when he worked with such unsafe machine under such conditions. But this court held that it was for the jury to say, under these circumstances, whether or not plaintiff fully comprehended the dangers, and was guilty of contributory negligence. The salient facts of this case at bar are precisely the same. In the Iverson Case the

plaintiff had his hand caught in a sausage grinder, he knew the augers which cut the meats would injure him if his fingers came in contact therewith, but the real danger was to some extent at times covered and hidden from view by the meats. In that case it was urged by defendant that the danger was open and plain to view, and that plaintiff assumed the risk and was guilty of contributory negligence. But this court in that case followed the rule of the Perreault Case that plaintiff, under the circumstances, might not have fully comprehended the dangers to which he was exposed. The evidence in the case at bar shows that the boxings in question were hidden from view by the dust and dirt surrounding the machine, and the inference in this case that plaintiff did not comprehend and fully realize the dangers to which he was exposed are much more strong than in either the Perreault or the Iverson Case. The statement in the majority opinion that "the last part of this statement would have been very material if it were not for the first part of the same" clearly shows that the majority opinion is based upon wholly immaterial matter instead of upon the latter part of the statement which alone is material.

The judgment appealed from should be affirmed.

SMITH, J., concurs.