ENDORF, ·Appellant, v. JOHNSON, Respondent.

(241 N. W. 519.)

(File No. 7221. Opinion filed March 15, 1932.)

*Danforth & Seacat,* of Alexandria, for Appellant.
*Fellows, Fellows & Whiting,* of Mitchell, for Respondent.

MISER, C. This appeal is from a judgment on a verdict directed for defendant, respondent herein, and from the order denying plaintiff's motion for a new trial. Plaintiff, appellant herein, is the widow, and the administratrix of the estate, of Henry F. Endorf, deceased. Respondent Johnson is the owner of an amusement park at which he conducted automobile races on July 4, 1929. Endorf was killed by one of the racing cars. Appellant alleged, and the evidence showed, that the track was very dusty; that the fences, where there were any, outside and inside the track, were not such as to prevent spectators from going onto the track; that the seating facilities were inadequate; and that spectators crossed the track from its outer and its inner edge in order to find better points of vantage. It was alleged that, while Endorf

was crossing the track in an effort to find a suitable and safe place to view the races, he was struck by one of the racing cars, receiving injuries from which he died.

Endorf, at the time of his death, was 48 years of age, was in full possession of his faculties, had been repeatedly at this amusement park, had been observing the three cars racing around the half-mile track in a ten-mile race for approximately five minutes, when, after the leading car or cars had passed, he placed himself on the track, ten feet from its inner rim in the path of the third racing car which was following the leading car or cars at a distance of approximately one hundred feet. He was struck by it and mortally injured. Endorf either had left the inner rim and moved ten feet nearer the median line of that fifty-foot track —as seems most probable from the evidence adduced—or he had left the outer rim of the track, and had arrived at a point ten feet from the inner rim when struck by the racing car.

In support of her contention that the question of Endorf's contributory negligence should have been submitted to the jury, appellant cites Ellingson v. World Amusement Service Ass'n, 175 Minn. 563, 222 N. W. 335. In that case the injury was caused by one of the racing automobile leaving the track and plunging into a crowd of spectators. In the case at bar Endorf was killed when he went onto the track and placed himself in front of a racing car. The facts in the case at bar bear less resemblance to the facts in the Ellingson Case than to the facts in Baldwin v. Locomobile Co., 143 App. Div. 599, 128 N. Y. S. 429, 431, cited in the Ellingson Case, where the New York court, in holding the injured party guilty of contributory negligence, said: "He deliberately went into a place of known danger, in the imminent presence thereof, and without exercising the slightest precaution."

That Endorf was negligent is clear. Appellant contends, however, that because of respondent's willful and wanton misconduct in the management, operation, and construction of his amusement park, respondent is liable notwithstanding Endorf's negligence. Appellant relies on the decision of this court in Carlson v. Johnke, 57 S. D. 544, 234 N. W. 25, 72 A. L. R. 1352. It was not intended in that opinion to approve the doctrine of comparative negligence; nor was it intended to depart from the rule, long established in this state, that there can be no recovery for an injury caused by

the common, mutual, concurring negligence of both parties, regardless of the degree in which their negligence, respectively, contributed to the injury. In that case this court did not attempt a definition of willful or wanton conduct. Nor was it intended to adopt as technically sufficient the definition given by other courts or text-writers therein cited. While willful and wanton acts are frequently designated as gross negligence, such resignation is a misnomer, because such willful and wanton acts are not negligence at all. Union Trust Co. v. Detroit, etc., Ry. Co., 239 Mich. 97, 214 N. W. 166, 66 A. L. R. 1515. The Michigan court in the case last cited followed Gibbard v. Cursan, 225 Mich. 311, 196 N. W. 398, 401, wherein it had said: "If one willfully injures another, or if his conduct in doing the injury is so wanton or reckless that it amounts to the same thing, he is guilty of more than negligence. The act is characterized by willfulness, rather than by inadvertence, it transcends negligence—is different in kind. Where recovery is sought on the theory that the injury was caused by willful, wanton, or reckless misconduct of a defendant, as distinguished from negligence, there is no more reason for permitting the defense of contributory negligence than in a case of assault and battery."

If there is any language in the opinion in Carlson v. Johnke, supra, which might reasonably be interpreted to mean that this court had approved the doctrine of comparative negligence or that willful or wanton conduct is the same as gross negligence, it was not so intended and is now expressly repudiated. One who is properly chargeable with wanton conduct is not simply one who is more careless than one who is only guilty of negligence; his conduct must be such as to put him in the class with the willful doer of wrong. Atchison, etc., Ry. Co. v. Baker, 79 Kan. 183, 98 P. 804, 21 L. R. A. (N. S.) 427; Payne v. Vance, 103 Ohio St. 59, 133 N. E. 85; Walldren Express & Van Co. v. Krug, 291 Ill. 472, 479, 126 N. E. 97; Aiken v. Holyoke St. Ry. Co., 184 Mass. 269, 271, 68 N. E. 238, 239; 45 C. J. 675, 677; 20 R. C. L. 20, § 15; Astin v. Chicago, M. & St. P. R. Co., 143 Wis. 477, 128 N. W. 265, 31 L. R. A. (N. S.) 158; Words and Phrases, First, Second and Third Series, "Wanton."

It is unnecessary in this opinion to restate the facts which, in Carlson v. Johnke, 57 S. D. 544, 234 N. W. 25, 72 A. L. R. 1352,

were held to constitute wanton conduct. The facts in the case at bar are so unlike the facts in that case that it furnishes no precedent whatever for holding respondent Johnson guilty of wanton conduct of which appellant can complain.

The evidence of wanton conduct on the part of Johnson being insufficient and Endorf's contributory negligence being clearly such as to constitute a valid defense to a claim for damages based on negligence, the learned trial judge committed no error in directing verdict for respondent.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and POLLEY, ROBERTS, WARREN, and RUDOLPH, JJ., concur.