CARLSON, Administratrix, Appellant v. RADLOFF et al., Respondent

(77 N.W.2d 919)

(File No. 9516.   Opinion filed July 25, 1956)

**Bogue & Masten,** Canton, for Plaintiff and Appellant.

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Defendant and Respondent Tom Radloff.

**Woods, Fuller, Shultz & Smith,** Sioux Falls, for Defendant and Respondent Andrew Hyden.

SICKEL, J.   This action was commenced by Florence E. Carlson, as Administratrix of the Estate of John Carlson, her deceased husband, as plaintiff, against Tom Radloff and Andrew Hyden, a minor, by his Guardian Ad Litem, to recover damages for the death of John Carlson in a highway accident which occurred on U. S. Highway No. 77 in Lincoln county on the evening of February 19, 1954.   The jury returned a verdict against both defendants for the sum of $10,000.   Thereafter motions by both defendants for judgment notwithstanding the verdict were granted by the court on the grounds:

(1)   That the evidence is insufficient to justify the jury in finding that the defendant Andrew Hyden was guilty of negligence which was the proximate cause of the death of John Carlson;

(2)   That the evidence is insufficient to justify the jury in finding that the defendant, Tom Radloff, was guilty of negligence which was the proximate cause of the death of John Carlson;

(3)   That the evidence shows that John Carlson, the decedent, was guilty of contributory negligence sufficient to bar recovery.

Plaintiff appealed, and these are the only issues presented.

Andrew Hyden, of Sioux Falls, South Dakota, one of the defendants, was a student at the State University at Vermillion.   On February 19, 1954 he rode to Sioux Falls with some friends from Vermillion for the purpose of taking a National Guard aptitude test.   After completing the test he went to his home in Sioux Falls and remained there until about seven o'clock in the evening.   Then he and John Ewing, a friend and fellow student, left for Vermillion in a passenger automobile.   As they proceeded south on U.S. Highway No. 77 it was snowing and blowing.   There was ice on the pavement and three to four inches of snow.   The witnesses testified it was sometimes difficult to locate the edge of the pavement, and one could not see the line mark-

ing the center of the highway at all. As they approached the Carlson farm, located about four and one-half miles north of Beresford, defendant Hyden saw the lights of a car belonging to Krebs standing on the east side of the highway in the Carlson driveway, headed north. The truck and trailer owned and operated by defendant Radloff were standing on the east side of the highway headed north and about three hundred feet south of the Krebs car. Defendant Hyden proceeded to pass the Krebs car, and then the truck. After passing the headlights of the truck defendant Hyden saw decedent standing on the pavement, on the west side of the truck and about ten feet away. Decedent was struck by the left headlight and fender of the Hyden car and died as a result of his injuries.

■ Decedent had a legal right to be upon the highway at the time and place in question, but as said in Decombaz v. Klock, 58 S.D. 173, 235 N.W. 502, 504: "It seems plain that one upon a highway for any purpose must use some care to avoid injury from traffic thereon. * * * And he must keep a reasonable lookout to avoid injury to himself or property." See Haase v. Willers Truck Service, 72 S.D. 353, 34 N.W.2d 313.

The Hyden car, approaching from the north with headlights on low beam, was plainly within the range of decedent's vision for a distance of at least a hundred yards. Decedent stood facing in the opposite direction. He failed to keep a lookout for traffic approaching from the north.

■ It also appears from the evidence that as the Hyden car came nearer Radloff, who was in the cab of the tractor, shouted a warning of the approaching car to Carlson and Krebs. Krebs jumped up and stood against the west side of the trailer box and in doing so saved himself from injury. It is only reasonable to assume that Carlson could have likewise reached a zone of safety in time to avoid injury had he used reasonable care under the circumstances. The result of failure to do so should have been readily seen. His negligence was a proximate cause of his injury and was more than slight.

Judgment affirmed.

All the Judges concur.