RIES, Appellant v. DAFFIN CORPORATION, et al., Defendants

(131 N.W.2d 577)

(File No. 10074. Opinion filed December 3, 1964)

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, **Gribbin & Burns,** Watertown, for plaintiff and appellant.

**Woods, Fuller, Shultz & Smith,** Sioux Falls, for defendant and respondent Daffin Corp.

**Austin, Hinderaker & Hackett,** Watertown, for defendants and respondents Max Olson, Keith Boersma and Merle Nieman.

ROBERTS, J. This is a wrongful death action brought by Marie Ries as administratrix of the estate of Richard Ries, her deceased husband, against the manufacturer of a mobile feed mill, its owner and the employees who were operating the feed mill at the time of death. The manufacturer is Daffin Corporation, hereinafter called Daffin, the owner-employer is Max Olson and the employees are Keith Boersma and Merle Nieman.

The claim against Daffin is that it was guilty of negligence in designing its product and failing to equip it with necessary

safety devices. The owner and his employees are charged with negligent maintenance, operation and supervision of the machine.

At the conclusion of presentation of evidence the court directed a verdict in favor of Daffin. The jury returned a verdict against the remaining defendants in the amount of $12,500. Judgment was entered on this verdict on December 19, 1962. Defendants Olson, Boersma and Nieman then moved for judgment notwithstanding the verdict. The motion was granted and an amended judgment was entered on February 6, 1963. Plaintiff has appealed from such amended judgment.

The accident that resulted in the death of plaintiff's husband occurred on March 18, 1961, in the late afternoon. Decedent then thirty-nine years of age had been a farmer for many years residing near Kransburg, South Dakota. He was a customer for whom defendant Olson processed livestock feeds. Defendants Boersma and Nieman positioned the mobile unit near a granary on the Ries farm and within ten or fifteen minutes after the unit was in operation mechanical trouble developed. It was then that decedent accompanied by his fourteen year old son appeared and inquired about the shut-down. It was determined that an augur in the mixing tank was broken and the machine could not be used until repaired. Decedent offered to use his welder to repair the augur, but this offer was declined and he was informed that the machine would be taken to town for repairs. The unit was moved to a silo for the purpose of unloading the ground feed in the machine.

The feed mill was mounted on a two ton model truck and the unit could be readily moved from farm to farm. Grains and roughages pass through a hammer mill where they are ground and are then augured into a mixing tank where concentrates and other ingredients may be added. The top of the tank is a flat surface 3 feet 4 inches wide and 6 feet long and from ground level to the top of the tank is 9 feet 5 inches. A hinged cover fits over an 18½ by 22½ inch opening in the top of the tank. The unit may be operated at full efficiency whether the hatch is open or closed. A distance of 41 inches beneath such opening is the

horizontal shaft of the beater extending the length of the tank and around which are staggered mixing arms 10 inches in length. The depth of the tank is 5 feet 4 inches. Immediately to the rear of the opening is a vertical augur which together with the beater mixes the feeds as they enter the tank. When it was found that the feed in the front part of the mixing tank was not being drawn out, defendant workmen decided to remove the feed by hand. Nieman entered the mixing tank for that purpose. He came out of the tank and tried again to augur out the remaining feed by engaging the clutch and accelerating the diesel engine on the machine. It was then found that the augur in the bottom of the tank was broken and a part of it was not turning. Having disengaged the clutch and idled the engine Nieman again entered the tank. After Nieman came out of the mixing tank the second time Jerome Ries saw his father standing on the platform above the left rear wheel of the unit talking to defendant Nieman and decedent was heard to say "I still don't see how it works". The son then went to the other side of the machine where the mixture from the tank was being pushed through a small opening. He says that when he returned he saw Nieman "put the machine in gear and turn up the diesel engine" and then Nieman looked into the tank, jumped back and shut off the engine. Decedent's body was found below the opening in the mixing tank.

There can be no actionable negligence on the part of defendant manufacturer in the absence of a breach of some duty which it owed to plaintiff's decedent. Roster v. Inter-State Power Co., 58 S.D. 521, 237 N.W. 738; Daniels v. Moser, 76 S.D. 47, 71 N.W.2d 739. Plaintiff contends that in an action against a manufacturer or supplier of a product the existence of privity between the user and the manufacturer is immaterial and that the question of liability should be approached from the standpoint of care which is exercised by the reasonably prudent person in the position of the manufacturer. A cover over the opening in the mixing tank is a barrier when closed. Plaintiff asserts that there were available shut-down devices in conjunction with the diesel engine on the machine that would have prevented operation of the beater and the augurs in the mixing tank when the hatch in the tank was open. Plaintiff contends that the court erred in ruling that the evidence failed to show the defendant Daffin

breached any duty owing decedent and that as to the other defendants the issues of negligence and contributory negligence were properly submitted to the jury and that the record does not sustain the finding of the trial court that decedent was guilty of contributory negligence more than slight as a matter of law. In determining whether the evidence sustains the finding of the trial court as to contributory negligence, we may assume, without deciding, that the evidence is sufficient to show negligence on the part of the defendants.

This court has held that plaintiff cannot recover if more than slight negligence of decedent was a legally contributing cause of his death. Haase v. Willers Truck Service, 72 S.D. 353, 34 N.W.2d 313; Wooley v. Chicago & N.W.Ry. Co., 74 S.D. 203, 50 N.W.2d 644; see also Friese v. Gulbrandson, 69 S.D. 179, 8 N.W.2d 438; Will v. Marquette, 73 S.D. 192, 40 N.W.2d 396; Flanagan v. Slattery, 74 S.D. 92, 49 N.W.2d 27; Carlson v. Radloff, 76 S.D. 324, 77 N.W.2d 919; Barnhart v. Ahlers, 79 S.D. 186, 110 N.W.2d 125. Contributory negligence is conduct on the part of a decedent which falls below the standard to which he should have conformed for his own protection and which was a legally contributing cause, cooperating with the negligence of defendant in the bringing about of his death. Ulrikson v. Chicago, M., St. P. & P. Ry. Co., 64 S.D. 476, 268 N.W. 369. "Where the evidence in relation to negligence and contributory negligence is such that reasonable minds might differ as to the existence of slight negligence on the one hand and gross negligence on the other, the question of comparison is for the jury. If, however, the facts are not in dispute or of such a nature that reasonable men could not differ, the standards of conduct are for the court to determine, and not for the jury." Flanagan v. Slattery, 74 S.D. 92, 49 N.W.2d 27; Dwyer v. Christensen, 76 S.D. 201, 75 N.W.2d 650, 56 A.L.R.2d 734; Allen v. Martley, 77 S.D. 133, 87 N.W.2d 355.

As a general rule a person "who voluntarily places himself in, or remains in, a position which he knows, or with reasonable care should know, is dangerous * * * cannot recover for the ensuing injury." 3 Cooley on Torts (4th Ed.), page 423. In Endorf v. Johnson, 59 S.D. 549, 241 N.W. 519, a wrongful death action, plaintiff's decedent was killed when he went

on a speed track and was struck by a racing automobile. Decedent having gone into a place of danger and without exercising the slightest precaution was held contributorily negligent as a matter of law.

In Butler v. Kilpatrick, 38 S.D. 591, 162 N.W. 371, reversing the judgment for plaintiff, it was held that he was contributorily negligent when he knowing that a cover over a gear on a threshing machine had been removed reached over the edge of the machine in attempting to feel whether a boxing was overheated and in so doing his thumb came in contact with a meshing gear and he was seriously injured. This court said: "We can hardly imagine a clearer case of negligence than for one, working about a piece of machinery which, in its normal condition, would not permit of a certain act, to take advantage of an occasion when he knows such machinery to be in an abnormal and dangerous condition, but yet a condition which permits of such act, and undertake such act regardless of such known dangerous condition and regardless of the fact that the duties of his position did not call upon him to do such act." See also annotation in 67 A.L.R.2d 1120.

■ Decedent lived on farms all his life and was experienced in the handling of tractors and farm implements. He was not an employee of the defendants and had not been requested to assist in any manner in the operation or repair of the machine. So far as the facts disclosed he entered the mixing tank to satisfy his curiosity as to the operation of the machine. To reach the only access to the mixing tank it was necessary to climb to the top of the unit more than nine feet off the ground. The diesel engine which supplied the power for operation of the feed mill was running and though the beater and vertical augur were plainly observable through the opening in the mixing tank and could be engaged by movement of a lever in front of the diesel engine decedent without informing anyone of his intention deliberately chose to encounter a known or plainly observable hazard which the ordinarily prudent person would not do. In other words the danger of entering the mixing tank was either known or should have been known to him because of his past experience and because the danger was obvious.

Under these facts and circumstances, we cannot do otherwise than hold that decedent was guilty of contributory negligence more than slight as a matter of law. Finding no error in the record, the judgment below is affirmed.

All the Judges concur.