Dan KESSLER, Appellee,

v.

BOWIE MACHINE WORKS, INC.,
Appellee,

v.

J. H. HILT, d/b/a J. H. Hilt Engineering
Company, Appellant.

Dan KESSLER, Appellee,

v.

BOWIE MACHINE WORKS, Appellant,

v.

J. H. HILT, d/b/a Hilt Engineering
Company.

Nos. 74–1008, 74–1034.

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 1974.

Decided July 19, 1974.

William G. Porter, Rapid City, S. D., for Hilt.

Thomas G. Fritz, Rapid City, S. D., for Bowie.

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. The special verdict read:

We, the jury in the above entitled case, do hereby answer the questions submitted by the Court as follows:

Did you find defendant, Bowie Machine Works, Inc., liable based on

a. negligence answer <u>yes</u>

b. strict liability answer <u>yes</u>

You must unanimously agree upon your answers.

2. This special interrogatory and the answers read as follows:

Thomas E. Simmons, Rapid City, S. D., for Kessler.

Before BRIGHT and ROSS, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

Plaintiff-appellee Dan Kessler, who sustained injuries while working on a hydro-mulcher landscaping machine, brought this diversity action against the manufacturer, Bowie Machine Works, Inc. (Bowie) of Bowie, Texas, seeking substantial damages. Bowie in turn impleaded Kessler's employer, J. H. Hilt, doing business as J. H. Hilt Engineering Company (Hilt) of Rapid City, South Dakota, alleging that Bowie as a third party plaintiff was entitled to indemnity under South Dakota law on the theory that Hilt's substantial alteration of the design of the hydro-mulcher caused the accident.

The issues in the suit were submitted to the jury for a general verdict together with special interrogatories. The jury returned a verdict in favor of Kessler for $120,000 in damages, and by answers to special interrogatories indicated that defendant-Bowie's liability rested on both negligence and strict liability.[1] With respect to the third party claim, the trial court submitted a special interrogatory to the jury relating to the third party complaint against Hilt. The jury found Hilt guilty of negligence which contributed 12 percent to Kessler's injury.[2]

In the event you find for the Plaintiff, Dan Kessler, against the defendant, Bowie Machine Works, Inc., then you shall answer the following questions:

1. Was defendant J. H. Hilt Engineering Company guilty of negligence in the removal of the top portion of the safety rail surrounding the shredder box? <u>yes</u>

2. Was this specific act a proximate cause of the plaintiff's injury? <u>yes</u>

3. If you have answered both of the above questions yes, then state the percentage which such specific acts or negligence contributed to the plaintiff's injury. <u>12%</u> (insert percentage.)

Upon receipt of these jury verdicts, the district court entered judgment in favor of Kessler against Bowie for the sum of $120,000, and entered judgment on the third party complaint in favor of Bowie and against Hilt for 12 percent of the total judgment in the main action. Bowie has appealed from the judgment obtained by Kessler in the main action. Hilt has appealed from the judgment against it in the third party proceedings. Upon a careful study of the record, we sustain the award to Dan Kessler in the main action but reverse the judgment in the third party action as one not authorized under South Dakota law.

Hilt purchased the hydro-mulcher from Bowie in 1970. At the time of the accident, the machine was employed in the performance of an erosion-control contract on an interstate construction project near Spearfish, South Dakota. The machine, which was mounted on the platform of a tandem truck, facilitated grass seeding by mixing wood cellulose fiber with fertilizer, seed and water, thereby producing a slurry which was sprayed on the ground. The dry wood cellulose is introduced into the machine through an opening on the platform leading into a shredder. That opening is about $12\frac{1}{4}$ inches by 40 inches and has a lip or a buffer plate around the perimeter of the opening which extends up 6 inches above the floor of the platform. A revolving shredder-bar pipe or cyclinder with protruding teeth or spikes grinds the dry cellulose into a mulch before depositing it into a tank carried below the platform.

As delivered from the factory, the shredder opening previously described was surrounded by a safety railing, consisting of a lower rail $17\frac{1}{4}$ inches above the platform deck and a top rail 10 inches higher. Some time late in the fall of 1971, the top rail surrounding the shredder opening on the hydro-mulcher owned by Hilt broke, and, early the next year, a superintendent for Hilt, in repairing this rail, hinged it so that it could be swung out of the way at the option of the machine operator.

The wood cellulose material as purchased by Hilt came in 1,800 pound bales and was extremely dense. The operator of the machine would split these bales with an ax into 150-pound chunks and feed them into the shredder opening. Often these chunks would not automatically feed into the shredder but would "ride" on top of the shredder bar. Kessler, like a predecessor who worked on the machine, would then push or kick these "riding" chunks with his foot and force the material into the teeth of the shredder.

Ordinarily, the operator left the top railing around the shredder in an open position because it was easier to get at the material to kick it down into the shredder. On May 21, 1972, while working on the machine, Kessler kicked a chunk of cellulose into the mulcher and in doing so, brought his foot into contact with the revolving shredder bar. The bar pulled his leg into the machinery causing a severe injury which required the amputation of his lower leg. Kessler, thereafter, brought this action.

## I.

### BOWIE'S APPEAL

Bowie in its appeal raises the following issues:

1) Plaintiff-Kessler was guilty of assumption of risk as a matter of law;

2) The strict liability doctrine was inapplicable because of a material and substantial alteration made in the machine;

3) The court erred in instructing on Bowie's failure to warn since the law does not require any warning in the face of an obvious danger;

4) The trial court should have granted a mistrial because during his opening statement plaintiff's attorney made an improper reference to a prior accident involving a Bowie hydro-mulcher; and

5) The trial judge committed prejudicial error in questioning a witness con-

cerning two prior accidents relating to a Bowie hydro-mulcher.

Having examined the record, we find no prejudicial error in the trial of the main action and therefore affirm the judgment against Bowie. We turn to a discussion of these points.

■■ A. To support an assumption of the risk defense under South Dakota law, it is well established that the defendant must show that an employee not only had knowledge of the existence of the risk and an appreciation of its character but also that he voluntarily accepted this risk, *i. e.*, that he had a sufficient amount of time and enough knowledge and experience to make an intelligent choice. Ordinarily, whether the plaintiff assumed the risk is a question for the jury. *See* Associated Engineers, Inc. v. Job, 370 F.2d 633, 639 (8th Cir. 1966), cert. denied, 389 U.S. 823, 88 S. Ct. 59, 19 L.Ed.2d 77 (1967), and cases cited therein; Smith v. Community Cooperative Ass'n of Murdo, 209 N.W.2d 891, 892 (S.D.1973), and citations cited therein; Bunkers v. Mousel, 83 S.D. 45, 154 N.W.2d 208, 210 (1967).

■ Kessler, age 23, had been working on the hydro-mulcher for approximately two weeks. A fellow employee, who Kessler considered his superior, had earlier demonstrated how to kick the riding chunks into the shredder when this material did not feed automatically into the machine. Moreover, it appears that Kessler felt that he could safely kick the chunks into the machine. The question of Kessler's knowledge and appreciation of the risk of kicking the chunks was a fact question properly submitted to the jury, and was resolved against Bowie.

■ B. Bowie also claims that Hilt's alteration of the hydro-mulcher by hinging a portion of the upper rail of the double railing surrounding the opening in the platform constituted a material alteration of the machine and thus served to relieve Bowie from strict liability. This claim is without substantial merit.

The testimony indicated that the operators of the machine kicked or pushed the chunks of wood cellulose into the shredder, notwithstanding the existence of the railing, prior to its being hinged. Moreover, an expert witness testified that the manufacturer should have anticipated that chunks of material would occasionally "ride" on the shredder bar and should have taken into account the natural inclination of the person working on the machine to use his foot to force "riding" chunks into the shredder.

In Hales v. Green Colonial, Inc., 490 F.2d 1015, 1020 (8th Cir. 1974), the court sustained a recovery under a strict liability theory, saying:

The law recognizes that there can be strict liability of a supplier even though the product is altered or changed if it is foreseeable that the alteration would be made and the change does not unforeseeably render the product unsafe. In effect the question involved is simply whether the intervening alteration of the product was the superseding cause of the injuries.

■ The record here shows that the district court properly instructed the jury on the issues of misuse of the machine, its alteration by Hilt, and on the failure to warn. Of course, here the jury found liability not only on the theory of strict liability but also on the basis of negligence. The verdict is supportable on either basis.

■ We have also examined the record in light of two claims of appellant-Bowie that the trial court erred in failing to grant a mistrial because of references to certain prior accidents involving a Bowie hydro-mulcher. We have found no serious error in the conduct of the trial which would have required the granting of a mistrial.

## II.

### HILT'S APPEAL

Hilt contends that the judgment, entered on the third party complaint awarding partial indemnity against it as

the employer of Kessler and in favor of the manufacturer Bowie, is error because partial indemnity does not exist under the law of South Dakota, and contribution does not lie in this case.

■ Hilt is protected by direct suit from its employee Kessler under provisions of the South Dakota Workmen's Compensation Law. S.D. Compiled Laws Ann. § 62–1–1 et seq. (1967) as amended (1973 Supp.). Thus, under South Dakota law, Hilt cannot be deemed a joint tortfeasor liable for contribution to Bowie since there is an absence of common liability between them. S.D. Compiled Laws Ann. § 15–8–11 (1967). *See* Burmeister v. Youngstrom, 81 S.D. 578, 139 N.W.2d 226 (S.D.1965).

■ Bowie in its brief to this court concedes that there can be no "partial indemnity" in the State of South Dakota. Nevertheless, Bowie seeks to circumvent the effects of the South Dakota Workmen's Compensation Law and thereby justify the indemnity award made in this case on the basis that the employer-Hilt in effect acted in a dual capacity, *i. e.*, as the employer of Kessler and as a co-designer of the machine. Bowie argues that by modifying and altering the hydro-mulcher, Hilt, as the "co-designer of the machine" achieves a nonemployer status and is therefore liable as "some other person than the employer" under S.D. Compiled Laws Ann. § 62–4–38 (1967). Bowie claims support for this theory in Wilson v. Hasvold, 194 N.W.2d 251 (S.D.1972). We disagree. We think *Wilson* is distinguishable on its facts from the present case. We find no basis under South Dakota law for restricting the employer's immunity to some of his acts of negligence and not to others.

As an employer under the South Dakota Workmen's Compensation Law Hilt was immune from Kessler's tort action and therefore cannot be compelled to contribute to, or partially indemnify Bowie for payment of the judgment in the main action. *See* Highway Con-

struction Co. v. Moses, 483 F.2d 812 (8th Cir. 1973).

We affirm the judgment against Bowie in the main action in No. 74–1034, and reverse the judgment against Hilt in the third party action in No. 74–1008.