Florence A. URBAN, Plaintiff
and Appellee,

v.

WAIT'S SUPERMARKET, INCORPORATED, Defendant and Appellant.

No. 12737.

Supreme Court of South Dakota.

Considered on Briefs March 18, 1980.

Decided July 16, 1980.

Charles Rick Johnson of Johnson, Johnson & Eklund, Gregory, for plaintiff and appellee.

John F. Cogley of Morgan, Fuller, Theeler & Cogley, Mitchell, for defendant and appellant.

MARTIN, Circuit Judge.

Plaintiff brought an action to recover damages for personal injury she sustained in a fall while shopping at defendant's supermarket. The case was submitted to a jury, which returned a verdict for plaintiff in the amount of $20,000 upon which the trial court entered judgment. We affirm.

The incident took place on July 21, 1977, in Chamberlain, South Dakota. Plaintiff was sixty-three years of age at the time of the incident and had lived for many years in the Pukwana, South Dakota, area. She had shopped at defendant's supermarket on other occasions and was familiar with the fact that the supermarket periodically displayed watermelons along the edge of one of the aisles in the store. On the day in question, watermelons were displayed along the edge of one of the aisles. The aisle in question was about four feet wide and the watermelons were lying end to end. About two-thirds of the way into the aisle is an opening that permits shoppers to cross into yet another aisle. Plaintiff had gone through this opening and ventured into another aisle, where she had parked her shopping cart and began selecting merchandise. She had her purse in one hand and a box of alum and a sack of candy in the other, when she remembered that she needed cupcake holders and therefore proceeded back through the opening into the aisle wherein the watermelons were situated. Intent upon locating the cupcake holders on a shelf which was about head high or perhaps higher to her, plaintiff, according to her testimony, tripped and her foot fell backwards over a watermelon, causing her to fall. Plaintiff did not know whether she was walking forward or backwards at the time she fell over the watermelon, because she was looking back and forth and did not

observe the watermelon at that instant. Plaintiff testified that she was looking at the shelf as opposed to the floor, even though she was aware that the watermelons were present along the edge of the aisle. She also testified that one of the the the watermelons was located a little farther out into the aisle than the others.

Defendant's president testified that his company had displayed watermelons on the floor in the aisles for some thirty years, during which time no one had ever been injured as a result of their being there. He conceded that there were times when shoppers would thump on the watermelons or bump into them with their shopping carts, which would, on some occasions, relocate the watermelons, but that any of the watermelons which would be rolled away from the edge of the aisle into the aisle would be pushed back to the edge of the aisle.

The husband of one of defendant's employees testified that he had observed plaintiff reaching for some merchandise on the shelf just prior to the accident. It appeared that plaintiff could not reach what she wanted, whereupon she put her foot up on one of the watermelons in an effort to raise herself. The watermelon rolled, causing plaintiff to fall. This witness' observations were made from a point approximately sixty feet from where the melons were located. That the jury was interested in the witness' vantage point was evidenced by the note sent to the trial court stating, "We would like to know which picture in evidence pertains to [the witness'] view from where he was sitting . . .."

Plaintiff denied ever trying to step on a watermelon and further denied that she was reaching for anything at the time she fell. Plaintiff further testified that she was walking normally and shopping in a normal manner at the time she fell.

Defendant contends on appeal that a verdict should have been directed in its favor because it owed no duty or, in the alternative, because plaintiff's conduct constituted contributory negligence that as a matter of law was more than slight.

■ It is not our function on appeal to weigh the evidence and to substitute our judgment for that of the jury's. *Neb. Elec. Generation & Trans. Co-op. v. Walkling*, 90 S.D. 253, 241 N.W.2d 150 (1976). In determining whether the evidence was sufficient to warrant submission to the jury, plaintiff is entitled to have every controverted fact resolved in her favor and to have the benefit of all reasonable inferences that can be deduced from the evidence. The test is whether there is any substantial, credible evidence which, when viewed in a light most favorable to the plaintiff, would tend to sustain a verdict. *Stenholtz v. Modica*, 264 N.W.2d 514 (S.D.1978); *Bunkers v. Mousel*, 83 S.D. 45, 154 N.W.2d 208 (1967); *Parham v. Dell Rapids Township*, 80 S.D. 281, 122 N.W.2d 548 (1963). We believe there is such evidence.

■ As a general rule, the possessor of land owes an invitee, or business visitor, the duty of exercising reasonable or ordinary care for his safety and is liable for the breach of such duty. *Norris v. Chicago, M., St. P. & P. R. Co.*, 74 S.D. 271, 51 N.W.2d 792 (1952); Restatement (Second) of Torts § 343 (1965). There was evidence to substantiate a finding by the jury that defendant breached its duty to plaintiff herein. Defendant relies, however, on the exception to this general rule applied when injury results from dangers that are "obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant." *Norris*, 74 S.D. at 274, 51 N.W.2d at 793. Restatement (Second) of Torts § 343 A.(1), p. 218 summarizes the exception as follows:

A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

Comment f to § 343 points out that there are cases in which the possessor of land can and should anticipate that the dangerous condition would cause harm to the invitee notwithstanding its known or obvious dan-

gers. In such case, the possessor is not relieved of the duty to the invitee and is required to warn the invitee, or take other precautions to protect him. The comment goes on to say:

Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. (See §§ 466 and 496 D.) It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.

■ The comparative negligence statute, SDCL 20–9–2, applies whenever both parties to a lawsuit could, under the evidence, be held negligent in causing the injuries. *Robinson v. Mudlin*, 273 N.W.2d 753 (S.D.1979); *Crabb v. Wade*, 84 S.D. 93, 167 N.W.2d 546 (1969); *Nugent v. Quam*, 82 S.D. 583, 152 N.W.2d 371 (1967). SDCL 20–9–2 provides that a plaintiff's contributory negligence does not bar his recovery if such negligence was "slight in comparison with the negligence of the defendant . . . ." This comparison turns on the individual facts of each case and is not subject to any exact rule. *Robinson v. Mudlin*, supra; *Corey v. Kocer*, 86 S.D. 221, 193 N.W.2d 589 (1972); *Crabb v. Wade*, supra.

■ The record substantiates the conclusion that either party could be found negligent under the facts of this case. Taking the evidence most favorable to the verdict, as we must, the evidence shows that de-

fendant placed the watermelons end to end along the edge of one of the aisles. Other store merchandise was located on shelves, the height of which would cause a shopper to give his or her attention elsewhere than where the watermelons were located. Further, one of the melons was protruding farther than the others.

■ Ordinarily questions of negligence and contributory negligence are for the jury. When the facts are not in dispute or of such nature that reasonable men could not differ, the standards of conduct are for the court to determine. *Raebel v. Fishers Grove Golf Course, Inc.*, 88 S.D. 20, 214 N.W.2d 785 (1974); *Bunkers v. Mousel*, supra.

■ On the basis of the facts and circumstances presented in the record, it cannot be concluded as a matter of law that defendant was not negligent or that plaintiff's contributory negligence, if any, was more than slight when compared with the negligence of defendant. The comparative negligence of the parties became a question of fact solely within the province of the jury. The jury was fully instructed on the doctrines of negligence, contributory negligence, and comparative negligence. Where there is competent evidence to support the jury's determination, as is the case in the record before us, it will not be disturbed on appeal even though there are facts that may warrant a different conclusion. *Robinson v. Mudlin*, supra; *Rumbolz v. Wipf*, 82 S.D. 327, 145 N.W.2d 520 (1966).

Defendant's contention that the trial court erred in not granting defendant a new trial on the grounds of insufficiency of evidence is adequately answered by this Court's holding in *Lewis v. Storms*, 290 N.W.2d 494 (S.D.1980):

While the existence of a conflict in the evidence is a controlling consideration by which Courts are governed in setting aside a jury verdict, the mere presence of a conflict in the evidence does not license a trial court to weigh conflicting evidence and substitute its own judgment for that of the jury, simply because it disagrees

with the verdict. It must appear that the evidence was conflicting on several controlling points and that the verdict is clearly unsupported in light of other evidentiary facts proven. Therefore, unless the finding of the jury on a question of fact is so unreasonable, arbitrary, and unsupported by the evidence, a new trial should not be granted on the basis of insufficiency of the evidence.

290 N.W.2d at 497 (footnotes omitted).

In the light of all of the evidence in the record, it cannot be said that the verdict reached was unreasonable, arbitrary,. and unsupported by the evidence.

The judgment is affirmed.

All the Justices concur.

MARTIN, Circuit Judge, sitting for MORGAN, J., disqualified.