ANDERSON, Appellant v. PAULSON, Respondent

(96 N.W.2d 305)

(File No. 9718. Opinion filed May 9, 1959)

**Everett A. Bogue,** Vermillion, for Plaintiff and Appellant.

**Owen J. Donley,** Elk Point, for Defendant and Respondent.

HERSRUD, Circuit Judge. This action was brought by appellant against the respondent for personal injuries. The jury returned a verdict for the defendant and also a written statement signed by all of the jurors which provided "We, the undersigned jurors, do feel that with the evidence and Court's instructions submitted, the defendant, Lee Paulson, was not guilty of negligence. However, this jury feels Julius Anderson, the plaintiff, should receive money in the amount of twenty-five hundred dollars ($2,500.00), cash settlement." The Court then instructed the jury that the written statement so submitted to the Court was without legal force or effect and that the Court would disregard it, but would file it, and stated that, if the verdict for the defendant was conditioned at all upon such statement, that he wanted the jury to understand that such written statement could not be given any force or effect. Then the Court had the verdict read and the following poll of the jury "Without reference to the informal written statement which the Jury submitted to the Court and signed, I am going to ask you now whether or not this is your verdict, * * *. If this verdict * * * on all the issues in the case is your verdict you will answer yes; if not, answer no." The first juror answered "Yes". The second juror inquired "Your Honor, is it permissible for me to ask a question?" and the Court replied "You must answer yes or no. Not the verdict of the jury, but your verdict." The juror then answered "Yes" and the other jurors followed suit. Plaintiff's attorney was not present when the jury was polled.

The Court entered its order denying plaintiff's motion for a new trial. Plaintiff appeals.

The verdict of the jury and the accompanying statement returned by the jury determine this appeal. The statement of the jury is not mere surplusage for, if the plaintiff should receive $2,500 then the statement cannot be recon-

ciled with the verdict for the defendant as it implies that there is a legal obligation of the defendant to pay the plaintiff $2,500. This goes beyond mere surplusage which is illustrated in Willey v. Alaska Packers' Ass'n, 73 Cal.App. 605, 238 P. 1087, 1089, where in returning a verdict for the defendant, the jury requested the defendant to assist plaintiff's family. The Court said: "This act in no manner affected the verdict, which embodied the conclusion of the jury on questions of fact litigated upon the trial. That the members of the jury, moved undoubtedly by compassion, made such request in on manner qualified or affected their verdict." Such is not the case here as the statement goes substantially beyond that.

The verdict is not clear, certain and free from ambiguity as the verdict for the defendant taken together with the accompanying statement may reasonably indicate various conclusions therefrom. This obviously is not a verdict that is clear,certain and free from ambiguity. 89 C.J.S. Trial § 496.

■ ■ SDC 33.1337 provides: "When the verdict is announced, if it be informal or insufficient * * * it may be corrected by the jury under the advice of the Court, or the jury may be again sent out." This verdict obviously shows a desire to award $2,500 to the plaintiff but not in a formal form of verdict. Together with the formal verdict the result is a verdict which does not express an actual and final conclusion. What the intention was is a matter of surmise or inference. That is not a verdict.. The verdict should express the actual and final conclusion of the jury. Therefore the verdict here is insufficient within the purview of SDC 33.1337.

■ ■ The jury should have been returned for further deliberation under proper instructions. There was no verdict on which a judgment could be rendered and such fundamental defect was not waived because of the failure of plaintiff or his attorney to request the Court to instruct the jury to again retire and return a proper verdict. Hayne, New Trial and Appeal, § 235.

Reversed.

HANSON, P. J., and ROBERTS, SMITH and RENTTO, JJ., concur.