Burton Doerr ROBINSON, Plaintiff and Respondent,

v.

Patrick W. MUDLIN and Patrick J. Mudlin, Defendants and Appellants.

No. 12156.

Supreme Court of South Dakota.

Argued April 17, 1978.

Decided Jan. 5, 1979.

Rehearing Denied Feb. 8, 1979.

---

Paul Barber, Colorado Springs, Colo., for plaintiff and respondent; Terrance J. Crow, Hill City, on the brief.

Thomas E. Simmons of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendants and appellants.

DUNN, Justice (on reassignment).

This case involves a personal injury action brought by plaintiff Robinson for injuries he sustained when he was struck by a vehicle driven by defendant Patrick W. Mudlin* during the course of his employment for his father, defendant Patrick J. Mudlin. The case was submitted to a jury, and the jury returned a verdict for plaintiff in the amount of $122,069.93 upon which the trial court entered judgment. We affirm.

The accident took place on the morning of December 8, 1972, in Rapid City, South Dakota. The temperature that morning was −16 degrees Fahrenheit and the wind was negligible. Plaintiff left his place of employment to help a fellow employee, Kierstead, start his service van which would not start due to the extreme cold. When battery cables proved to be useless, plaintiff attached a tow chain from the rear of his pickup to the front bumper of the van. Plaintiff towed the van with Kierstead at the wheel for two or three blocks; at that point, the van started running on its own. Kierstead signaled to plaintiff, and plaintiff stopped his vehicle at the edge of the street with the left wheels of both vehicles some-

---

* All references to defendant in this opinion indicate Patrick W. Mudlin who was driving the vehicle that struck plaintiff.

what on the traveled portion of the street. The record reveals that the pavement was icy and packed with snow and frost. The lanes of travel were not easily discernible. The van was directly behind plaintiff's vehicle some eight feet and was idling and giving off a vapor cloud which apparently blocked the view to vehicles approaching the rear of the van.

Kierstead testified that he could not determine where the edge of the street or the pavement ended because of the packed snow. After stopping, Kierstead looked in his rearview mirror and saw defendant's vehicle approaching the van some 150 yards away. Figuring that he had ample time to leave his seat and proceed to the front of the van to unhook the tow chain, Kierstead put the van in neutral gear, pushed the van door open, and started to step out of the van. At that time, he noticed defendant's vehicle out of the corner of his eye approaching the rear bumper area of the van. He put his feet back into the van and shut the door just as defendant's vehicle traveled past the door.

Kierstead stated that defendant's vehicle passed within two feet of the side of the van.

Plaintiff testified that the street was snow-packed and the edge of the street was not visible. He pulled to the right of the roadway as far as he could without getting Kierstead's van stuck in the snow, and when his vehicle was stopped, it was leaning considerably to the right. Plaintiff shut off the ignition, put the vehicle in parking gear, and looked in his rearview mirror. He did not see any traffic so he opened the pickup door and got down by planting both feet firmly on the slippery pavement. Plaintiff shut the door and intended to walk to the rear of his pickup to disconnect the tow chain. He walked two steps along the side of the pickup as close as he possibly could. He could not recall seeing any traffic, and the last thing he remembers is observing Kierstead looking down in the windshield of his van.

Defendant testified that he observed two vehicles parked on the side of the street. He noticed that the rear vehicle was running and putting out a vapor cloud across the street. He looked up the street to check for oncoming traffic so that he could cross over into the opposite lane as he approached the vehicles in order to get around them safely. Defendant stated that he swerved his vehicle into the opposite lane as he went into the vapor cloud. Defendant further stated that there was approximately four feet between his vehicle and the parked vehicle. As he entered the vapor cloud, his view was totally blocked. As he came out of the vapor cloud, his vehicle struck plaintiff.

The above testimony was submitted with other evidence for the jury's consideration. On appeal, it is not our function to weigh the evidence and substitute our judgment for that of the jury. *Neb. Elec. Generation & Trans. Co-op, Inc. v. Walkling,* 1976, S.D., 241 N.W.2d 150. We must consider the evidence in the light most favorable to the prevailing party, including the resolution of conflicts and inferences which can rationally be drawn therefrom. *Vander Vorste v. Northwestern Nat. Bank,* 1965, 81 S.D. 566, 138 N.W.2d 411.

The comparative negligence statute, SDCL 20–9–2, applies whenever both parties to a lawsuit could, under the evidence, be held negligent in causing the injuries of which the plaintiff complains. *Crabb v. Wade,* 1969, 84 S.D. 93, 167 N.W.2d 546; *Nugent v. Quam,* 1967, 82 S.D. 583, 152 N.W.2d 371. SDCL 20–9–2 provides that a plaintiff's contributory negligence does not bar his recovery if such negligence was "slight in comparison with the negligence of the defendant." This comparison turns on the individual facts of each case and is not subject to any exact rule. *Corey v. Kocer,* 1972, 86 S.D. 221, 193 N.W.2d 589; *Crabb v. Wade,* supra.

The record substantiates the conclusion that either party could be found negligent under the facts of this case. Taking the evidence most favorable to the verdict, as we must, the evidence shows that defendant drove into a vapor cloud where he was completely blinded at a speed of 15–20

miles per hour, knowing that two vehicles were stopped at the side of the icy road as close to the edge as the snow would permit, and struck plaintiff when he was a couple of feet from the side of his vehicle. This took place when there was ample room to the left for defendant to pass without mishap. The jury may have found that plaintiff's negligence was in failing to see defendant's vehicle through a vapor of smoke and to take defensive action for his own safety as he walked close to his pickup to disconnect a tow chain. Since plaintiff was trapped next to his own vehicle, what action he could have taken, even if he had seen defendant's vehicle approaching through the vapor, is questionable.

 On the basis of the facts and circumstances present in the record, it cannot be concluded, as a matter of law, that plaintiff was contributorily negligent or even if plaintiff was contributorily negligent, that such negligence was more than slight when compared with the negligence of defendant. Because both parties could be found to be negligent in causing plaintiff's injuries, the comparative negligence of the parties became a question of fact solely within the province of the jury. The jury was fully instructed on the doctrine of negligence, contributory negligence and comparative negligence. Where there is competent evidence to support the jury's determination, as is the case in the record before us, it will not be disturbed on appeal even though there are facts which may warrant a different conclusion. *Rumbolz v. Wipf*, 1966, 82 S.D. 327, 145 N.W.2d 520.

The judgment of the trial court is affirmed.

WOLLMAN, C. J., and ZASTROW, J., concur.

PORTER and MORGAN, JJ., dissent.

PORTER, Justice (dissenting).

I would hold that Robinson's contributory negligence was more than slight as a matter of law when compared with that of Patrick W. Mudlin.

SDCL 20-9-2 requires that the negligence of plaintiff and defendant first be considered and determined. If, under the evidence, both parties could be held negligent, the negligence of plaintiff must be compared to that of defendant to determine, in the words of the statute, whether "the contributory negligence of the plaintiff was slight in comparison with the negligence of the defendant . . . ." *Crabb v. Wade*, 84 S.D. 93, 167 N.W.2d 546 (1969); *Nugent v. Quam*, 82 S.D. 583, 152 N.W.2d 371 (1967). This comparison is ordinarily for the jury, but where the negligence of plaintiff "equal[s] or nearly equal[s] the negligence or want of care exercised by defendant," *Crabb v. Wade*, supra, the comparison is for the court.

Plaintiff's negligence did not consist solely in failing to take defensive actions as he walked along his vehicle. It was also negligent for plaintiff to get out of his vehicle and walk in the street in a lane of traffic when all the while his vision of oncoming traffic in the lane in which he was walking was obstructed by the steam cloud. While plaintiff may have been trapped next to his own vehicle, he was at least equally responsible with defendant for creating the trap. This conclusion does not rest on differing versions of the evidence or the inferences to be drawn therefrom. It is undisputed that plaintiff walked in the travelled portion of the street without an effective lookout for his own safety. He did so even though he could have exited his vehicle through the passenger door and thereby could have avoided getting into the street at all. Nothing about the circumstance required him to be in the street.

The evidence, taken in the light most favorable to plaintiff, indicates that defendant was speeding and that defendant drove too close to plaintiff's vehicle. The conclusion that must be drawn from the facts so stated is that neither party saw the other, and that this joint failure to see combined to produce plaintiff's injuries. However plaintiff had more reason to expect a car to come along in the lane in which he was walking than defendant had reason to expect a pedestrian in the street where plain-

tiff was. Plaintiff also had reason to know that the vision of any driver approaching in the traffic lane would be obscured by the steam cloud which was already obvious to plaintiff. It cannot, therefore, be said that plaintiff's negligence was slight, or "small in quantum," *Nugent v. Quam*, supra, when compared with that of defendant.

I respectfully dissent from the majority opinion and would reverse the judgment with directions that the complaint be dismissed.

MORGAN, Justice (dissenting).

I dissent. As I read the majority opinion it holds that respondent was contributorily negligent as a matter of law. With this holding I agree. In such case, however, appellant was entitled to proper instruction narrowing the issue to whether or not such contributory negligence was more than slight. Instead he got the potpourri of instructions regarding negligence, contributory negligence, and comparative negligence. Since we cannot determine on what theory the jury returned its verdict we are unable to affirm it. They may have found that respondent was not negligent at all, directly contrary to the majority holding.

This case is singularly similar to *Nugent v. Quam*, 82 S.D. 583, 152 N.W.2d 371 (1967), for in both cases the respondents, who were pedestrians injured by a motor vehicle, had observed the oncoming vehicle in the distance and then apparently failed to keep a lookout. In *Quam* the jury was instructed properly as to comparative negligence only, but this court struck down a substantial verdict holding that the contributory negligence was more than slight as a matter of law. In the instant case, I would at least grant appellant a new trial under proper instruction.