**Kenneth E. JOHNSON, Special Administrator of the Estate of Regina Rilling, Deceased, Plaintiff and Appellant,**

v.

**Mary JONGELING, Defendant and Appellee.**

**No. 13680.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 15, 1982.

Decided Jan. 5, 1983.

Rehearing Denied Feb. 10, 1983.

James C. Roby of Oviatt, Green, Schulz & Roby, Watertown, for plaintiff and appellant.

William P. Fuller of Woods, Fuller, Schultz & Smith, Sioux Falls, for defendant and appellee.

FOSHEIM, Chief Justice.

Kenneth E. Johnson, as special administrator of the estate of Regina Rilling (appellant), sued Mary Jongeling (appellee) alleging that on September 3, 1977, appellee negligently backed her car into Ms. Rilling who was walking across the parking lot of the Veterans of Foreign Wars Club in Watertown, South Dakota. Appellant sought damages for medical expenses and pain and suffering sustained by Ms. Rilling. Appellant appeals from the judgment entered in favor of appellee after trial to the court. We affirm.

Lois Howey testified that she and Ms. Rilling played bingo about once a month at the Veterans of Foreign Wars Club in Watertown. On these occasions Ms. Howey provided the transportation, driving Ms. Rilling to the Club and taking her home following the games. That was also their plan on the night of the accident. The trial court found that upon leaving the Club, at approximately 10:30 p.m., Ms. Howey instructed Ms. Rilling to wait on the sidewalk outside the Club, as was their custom, while she got her car. However, on this particular occasion, Ms. Rilling chose to leave the sidewalk and walk across the Club's dimly lit parking lot to Ms. Howey's car. While so doing she walked into the right rear corner of the car appellee was then backing out of a parking space in the lot. The trial court found that Ms. Rilling did not keep a proper lookout and thus did not see appellee's car approaching from her right at a crawling rate of speed, with the lights on. The trial court further found that Ms. Rilling walked out from behind a parked car and thus could not be seen by appellee. The trial court found that Ms. Rilling fell beside, not under appellee's car, and that Ms. Rilling suffered no visible scrapes, abrasions, contusions or other injury suggesting she had been run over. The trial court concluded that Ms. Rilling was guilty of negligence more than slight.

The trial court also found that appellee looked about before and while she backed

out of the parking space; that there was no physical damage to appellee's car suggesting a collision; and that appellee did not feel or hear anything to indicate that her car had struck Ms. Rilling. The trial court concluded that appellee kept a proper lookout and was not negligent.

Appellant raises one issue on appeal: whether the trial court's findings supporting its conclusion that Ms. Rilling's negligence was more than slight are clearly erroneous. However, from our view of the record, we do not reach that issue. Our comparative negligence statute, SDCL 20–9–2,[1] and its interpretive case law are to the effect that the issue of comparative negligence is not operative unless it is determined that both parties are negligent. *Urban v. Wait's Supermarket, Inc.,* 294 N.W.2d 793 (S.D.1980); *Robinson v. Mudlin,* 273 N.W.2d 753 (S.D.1979); *Crabb v. Wade,* 84 S.D. 93, 167 N.W.2d 546 (1969); *Nugent v. Quam,* 82 S.D. 583, 152 N.W.2d 371 (1967); SDPJI 20.07. Thus the issue is whether the trial court's findings supporting its conclusion that appellee was not negligent are clearly erroneous.

We are mindful that the resolution of this issue does not rest on whether this court would have made the same findings as the trial court, as we can disturb those findings only if our review of the evidence leaves us with a definite and firm conviction that the trial court made a mistake. *Smith v. Gunderson,* 86 S.D. 38, 190 N.W.2d 841 (1971); *In Re Estate of Hobelsberger,* 85 S.D. 282, 181 N.W.2d 455 (1970); SDCL 15–6–52(a). Our review does not leave us with such a conviction. We therefore conclude that the trial court's findings on the issue of appellee's negligence are not clearly erroneous. Having made that conclusion it follows that whether, and to what extent, Ms. Rilling was contributorially negligent is irrelevant. *Accord: Engel v. Stock,* 88 S.D. 579, 225 N.W.2d 872 (1975).

The judgment of the trial court is affirmed.

WOLLMAN, DUNN and MORGAN, JJ., concur.

HENDERSON, J., dissents.

HENDERSON, Justice (dissenting).

### THEORY I

There can be no night without day and there can be no doctrine of comparative negligence invoked unless there is negligence of both parties upon which a comparison can be made. The trial court set forth, in its findings of fact and conclusions of law, that it had adopted by reference the factual findings and legal conclusions stated in its memorandum decision. Said memorandum decision expressed: "I feel that plaintiff's decedent was guilty of negligence more than slight." In this case, the trial court found no negligence on the part of the defendant, yet barred recovery of plaintiff upon the premise that plaintiff was negligent and that such negligence was more than slight. Thus, I would dissent upon the semantics and holding of the trial court and would accordingly remand to the trial court for a correction of this legal incongruity. *See* SDCL 20–9–2. If, indeed, defendant was not negligent, at least to some degree, why did the trial court use the language that the plaintiff "was guilty of negligence more than slight?" Under this theory, an award of damages unto plaintiff would be reduced to the extent of plaintiff's negligence (if any).

### THEORY II

And in the night—in a private, unmarked parking lot—who has the right-of-way—the machine or the human being?

The trial court and the majority opinion favor the machine. I favor the human be-

---

1. SDCL 20–9–2 reads: In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight in comparison with the negligence of the defendant, but in such case, the damages shall be reduced in proportion to the amount of plaintiff's contributory negligence.

ing. The machine is made of fenders, bumpers, chassis, and cold steel. It is an inanimate object. It is heartless and feels no pain. The human being is housed in bone and flesh and, when injured, it shatters, bleeds, and hurts. Yes, once again, I would have the machine yield the right-of-way to the human being. *See also, American State Bank v. Mayer,* 326 N.W.2d 110 (S.D.1982) (Henderson, J., concurring specially). It is obvious to me that the trial court applied a comparative negligence standard as I have pointed out in Theory I, and although the majority opinion points out that the trial court made no finding that the defendant in the machine was negligent, nevertheless, such a determination was implicit in the trial court's ruling.

Let us harken back to an analysis of the fundamentals of negligence:

"Negligence" is the word used to describe the conduct of the defendant. But a cause of action for negligence requires more than such conduct. There must be a duty, and there must be consequences. The traditional formula for the elements necessary to such a cause of action includes the following:

1. A duty, which is an obligation recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks.

2. A failure to conform to the standard required. This is commonly called breach of the duty. . . .

3. A reasonably close causal connection between the conduct and the resulting injury. This is commonly called "proximate cause," or sometimes "legal cause." . . .

4. Actual loss or damage resulting to the interests of another.

Prosser, Wade, Schwartz, *Torts* at 146 (6th ed. 1976). *See Leslie v. City of Bonesteel,* 303 N.W.2d 117 (S.D.1981).

In South Dakota, a motor vehicle operator has a *duty* to keep a proper lookout when backing an automobile. *Klarenbeek v. Campbell,* 299 N.W.2d 580 (S.D.1980); *see*

*also, Burnham v. Nehren,* 7 Wash.App. 860, 503 P.2d 122 (1972) (every driver when backing shall use due care to avoid colliding with a pedestrian and shall give warning by sounding his horn when necessary).

It is highly significant that an eyewitness, Mrs. Howey, witnessed this entire collision. This lot was sufficiently lit so as to provide Mrs. Howey the opportunity to see the plaintiff wait by the side of the building so that the traffic would clear. The defendant apparently waited for the traffic to clear out of the parking lot. The defendant backed her machine from its parking spot and when so doing, struck the plaintiff as she was proceeding across the parking lot. At this point, my fellow Barristers and members of the legal academe, I wish to emphasize: that at this factual instant in time, the machine should have yielded to the little old lady with the cane. And it was not the duty of the little old lady to yield the right-of-way to a full-sized, four-door, 4,500-pound machine. The defendant failed to keep a proper lookout; when asked if she was looking for pedestrians, she herself admitted that she was not looking for pedestrians by stating: "Well if there was there might have been some but I didn't notice them because all I was mainly concerned was looking for car lights. That all the cars had left." She was then asked: "Is it possible that when you were backing out that you did not look in your rearview mirror?" She answered: "No, I know I looked because you don't back up down there without looking around, but I wasn't looking for a pedestrian I was more or less looking for cars and the lights would show up that time of night, but I never back up without looking." * There was no evidence to establish that there was any obstruction which precluded the driver-defendant from seeing the plaintiff-pedestrian. Mrs. Jongeling may not have breached her duty to the driver of another machine because she looked for machines, but Mrs. Jongeling unquestionably breached her duty to the human being she did not look for, Mrs. Rilling.

* This was deposition testimony, used for purposes of impeachment at the trial.

This collision did not just happen. It was caused. Surely, it was not unforeseeable that pedestrians would be walking around and near the machines as the bingo players ended their evening of conviviality. Objectively, on this evening in question, it was foreseeable that the drivers of these machines would necessarily proceed with caution lest they run over and hurt their fellow bingo players as all were departing. Plaintiff was a 78-year-old widow who walked with a cane. She did not run into and collide with the machine. The machine was backing, albeit slowly, and ran into and collided with her frail body. The defendant knew her fellow bingo player, the plaintiff, as she had played bingo with her on previous occasions in the City of Watertown and knew that she employed a cane to aid her in walking. The defendant also knew that elderly people were playing bingo at the VFW that evening and further knew that they were all exiting, as was she herself, to go home. As a collision was objectively foreseeable, it was factually preventable. A good deal of authority exists on the foreseeability of pedestrians derived from attendant circumstances for a backing motorist. *See Kondracki v. Bowen,* 269 So.2d 58 (Fla. 1972); *Burnaman v. La Prairie,* 140 So.2d 710 (La.1962); *Fowler Butane Gas Company v. Varner,* 141 So.2d 226 (Miss.1962) (pertaining to another type of frail pedestrians —children).

Mrs. Howey testified that the machine collided into plaintiff. She suffered a fractured arm, cuts, and contusions. This action does not fail for lack of damages. I find it incredible that the majority opinion would deign to factually note that the little old lady rendered no damage to the 4,500-pound machine. I would sustain the case of this little old lady with her fragile body, against the would be right and combustible power of a modern-day automobile. Her flesh and bone were no match for the hardware of Detroit, Michigan.

The driver was armed with and could have used brakes and a horn. The little old lady had neither. She was armed only with her cane. Had she been young and nimble, she might have jumped aside, but her age and infirmity precluded such quick reactions. If the plaintiff was even in the slightest degree negligent, this should not bar recovery when compared to the negligence of the defendant who simply ran over her fellow bingo player. Are private parking lots, in reality, a jungle? Or, are there some rules by which civilized people must live in order to prevent death or trauma? Can these private parking lots exist as a free-for-all situation for pedestrians and vehicular traffic, as advocated by the defendant's brief? I think not. A duty of due care is owed by the driver of the machine unto the pedestrian therein. That duty was breached, creating a cause of action in favor of an elderly lady who suffered a dismissal of her case, in law, because property rights were elevated over the rights of humanity.

I have a firm conviction that a mistake in law was made at the trial court level. Under the entire evidence herein, and *In Re Estate of Hobelsberger,* 85 S.D. 282, 181 N.W.2d 455 (1970), I would reverse and remand.