**David OLSON, Aleta Olson, Michael Olson, and Sandra Olson, Plaintiffs and Appellants,**

v.

**DeWayne JUDD, Defendant and Appellee.**

**Nos. 18946, 18959.**

Supreme Court of South Dakota.

Considered on Briefs April 27, 1995.

Decided July 26, 1995.

Thomas E. Brady of Richards, Hood, Brady & Nies, P.C., Spearfish, for plaintiffs and appellants.

Donald A. Porter of Costello, Porter, Hill, Heisterkamp & Bushnell Rapid City, for defendant and appellee.

GILBERTSON, Justice.

David Olson, Aleta Olson, Michael Olson, and Sandra Olson (individually referred to by their first names and collectively referred to as "Olsons") appeal from a jury verdict in favor of DeWayne Judd ("Judd"). Judd has filed a notice of review regarding one proposed jury instruction. We affirm.

## FACTS

This case arises out of a motor vehicle accident that occurred on Boulder Canyon Road (U.S. Highway 14A) near Deadwood on the wintery night of December 12, 1987. The relevant facts and prior case law demonstrate that this is not a unique winter occurrence in South Dakota.

The Olsons were traveling east-bound toward Sturgis in their 1977 Dodge four-wheel drive pickup, driven by David. Judd and a passenger were traveling west-bound toward Deadwood in his 1976 Ford two-wheel drive van. Both drivers were familiar with winter driving conditions in Boulder Canyon, including the fact that temperatures and road conditions can change rapidly over a short distance on this hilly and curvy road. On the portion of the road in question, the posted speed limit is 55 miles per hour.

When Judd turned onto Boulder Canyon Road from Interstate 90, snow was beginning to fall, the roadway was wet, and it was estimated that the temperature was in the low 30's. As he drove up the canyon, he observed that snow was beginning to accumulate on the roadway as he proceeded to the higher elevations. Due to the changing road conditions, Judd reduced his speed to a range of 20–30 mph. When Olsons entered Boulder Canyon Road from a residential area near Deadwood, there was an accumulation of snow on the road. It had been snowing off and on during the day at this higher elevation.

Immediately prior to the collision, Olsons were approaching the crest of a small hill, at a point where the road curved to the driver's left. David estimated his speed at between 35 and 40 mph. Judd was cresting that same hill where the road curved to his right. He was traveling at a speed between 25 and 30 mph. As Judd came around the corner, with no warning, the road surface suddenly became slippery. The back end of his van started to slide into the oncoming path of Olsons' vehicle. The vehicles collided in Olsons' lane of traffic.

Officer Richard Hagerty of the S.D. Highway Patrol investigated the accident. He noted that the slippery road surface contributed to the accident, but also cited Judd for driving on the wrong side of the road (failure to yield one-half of the roadway) in violation of SDCL 32–26–1. Judd subsequently pleaded nolo contendere to this charge pursuant to a plea agreement.

At trial, Olsons' case-in-chief was presented through the testimony of Officer Hagerty, David, Michael, Sandra and Aleta Olson, and DeWayne Judd. Following the close of the plaintiffs' case, Olsons made a motion for directed verdict. This motion was denied by the trial court with a comment that the decision was a "close call." Following a verdict for Judd, Olsons made alternative motions for judgment notwithstanding the verdict ("j.n.o.v.") and for a new trial. Both of these motions were also denied.

### ISSUE

DID THE TRIAL COURT ERR IN DENYING OLSONS' MOTIONS FOR DIRECTED VERDICT, JUDGMENT NOTWITHSTANDING THE VERDICT, AND NEW TRIAL?

Essentially, Olsons contend that the evidence was such that no reasonable jury could have returned a verdict for Judd and the trial court should have taken away from the jury the ultimate decision as to liability. As both parties note, the standards by which we review the denial of motions for directed verdict, judgment notwithstanding the verdict, and new trial are similar. Thus, it is appropriate that these motions are considered together.

■ We review the lower court's decision denying a motion for a directed verdict against the following standard:

In reviewing [a] contention that the trial court erred in failing to grant a directed verdict, we view the evidence in a light that is most favorable to the non-moving party and give that party the benefit of all reasonable inferences that fairly can be drawn from the evidence. When viewed in this light, if there is any substantial evidence to sustain the cause of action or

defense, it must be submitted to the finder of fact. "If sufficient evidence exists so that reasonable minds could differ, a directed verdict is not appropriate." *Sabag v. Continental South Dakota*, 374 N.W.2d 349, 355 (S.D.1985).

*Weiszhaar Farms, Inc. v. Tobin*, 522 N.W.2d 484 (S.D.1994) (citation omitted). A motion for j.n.o.v. relates back to a motion for a directed verdict, and is reviewed against the same standard. *Treib v. Kern*, 513 N.W.2d 908 (S.D.1994). Furthermore, a trial court's decision in granting or denying a new trial will not be reversed absent an abuse of discretion. *Maybee v. Jacobs Motor Co.*, 519 N.W.2d 341, 344 (S.D.1994).

■ Given these standards, we must determine whether there is any substantial evidence to sustain Judd's defense that the collision was unavoidable due to the weather conditions despite his exercise of reasonable care. Initially, we note that it is generally "for the jury to resolve the conflict in testimony regarding weather and road conditions." *Weber v. Bernard*, 349 N.W.2d 51, 53–54 (S.D.1984). We have often stated that questions of negligence are factual determinations that are to be resolved by juries. *Harn v. Continental Lumber Co.*, 506 N.W.2d 91 (S.D.1993). Exceptions to this rule arise only in "the rarest of instances." *Westover v. East River Elec. Power Coop.*, 488 N.W.2d 892, 896 (S.D.1992), citing *Stoltz v. Stonecypher*, 336 N.W.2d 654, 657 (S.D. 1983).

Here, Olsons contend the evidence presented was such that a reasonable jury could reach but one conclusion, i.e. that Judd was legally responsible for the accident. Their argument is summed up by these two statements: 1) "In this case, it was common knowledge and within the personal knowledge of Judd that he was driving too fast as he entered this curve and he failed to maintain proper control of his vehicle by understeering, oversteering, improper braking, or in some other manner operated his vehicle so as to lose control, slide across the centerline, and hit the Olson vehicle in their lane of travel[;]" and 2) "... Judd violated SDCL 32–26–1 and as a matter of law, such violation was negligence."

The jury was presented undisputed evidence that the posted speed limit was 55 mph. Judd testified he was driving between 25 and 30 mph at the time of the collision. Judd testified that he slowed down when he encountered the wet and snowy conditions. He also testified that at the point of the collision, the roadway suddenly became icy even though he had not encountered ice on the roadway prior to that point. The Olsons' own brief details not only the snowy and wet conditions, but also the fact that both weather and road conditions can change rapidly over a very short distance in Boulder Canyon. Viewing the testimony and evidence in a light most favorable to the verdict and the nonmoving party, without conducting an independent weighing of the evidence, demonstrates that the record contains substantial evidence regarding the degree of care exercised by Judd as well as the sudden change in the road and weather conditions. This evidence was sufficient for the trial court to deny Olsons' motions.

■ The second argument advanced by Olsons requires the resolution of an evidentiary question. Where the facts are undisputed, i.e. that Judd pleaded nolo contendere to a violation of a traffic law by failing to yield one-half of the roadway, the issue becomes whether such a violation constitutes negligence per se, making the matter one of law for the trial court to consider. *See Bego v. Gordon,* 407 N.W.2d 801 (S.D.1987). Olsons proposed a jury instruction, which was submitted to the jury as instruction 16 by the trial court, stating essentially that two cited statutes (providing an obligation to yield one-half of the roadway and to maintain speed reasonable for the conditions then existing) set forth the standard of care and "violation is negligence." * They contend that since a violation is negligence per se, as a matter of

law they were entitled to a verdict on the issue of liability.

We have held both that "[v]iolation of a safety statute is negligence as a matter of law unless it is legally excused," *Dartt v. Berghorst,* 484 N.W.2d 891, 895 (S.D.1992), and that "in civil litigation involving an accident which gave rise to a criminal charge to which the defendant pleaded guilty, the plea, while not conclusive as substantive evidence, is an admission against interest." *Weber,* 349 N.W.2d at 54, n. 3, citing *Berlin v. Berens,* 76 S.D. 429, 80 N.W.2d 79 (1956). *See Dartt,* 484 N.W.2d at 894, n. 3; *Meyer v. Johnson,* 254 N.W.2d 107 (S.D.1977).

It is undisputed that Judd entered a plea of nolo contendere to failure to yield one-half of the roadway. However, in considering Olsons' argument we must be mindful of the evidentiary limitations regarding such a plea. SDCL 19–12–12 declares inadmissible in a criminal or civil case "evidence of a plea of ... nolo contendere ... to the crime charged or any other crime ..." *See State v. Dornbusch,* 384 N.W.2d 682 (S.D.1986). *See also Schwartz v. First National Bank,* 390 N.W.2d 568 (S.D.1986) (plea of nolo contendere to the misdemeanor charge of disposing of property subject to the interest of a creditor is not a termination of prior action in Schwartzes' favor because it did not "reflect on the innocence of the accused party with respect to the alleged wrongful conduct," even though court rejected guilty plea (thus precipitating nolo plea) because factual basis could not be established). Thus, to the extent Olsons' argument is that Judd's nolo plea to a statutory violation demonstrates negligence as a matter of law, such a contention must be rejected because the plea to such a charge was not admissible.

The question of the admissibility of the actual conviction pursuant to a plea of nolo contendere must be distinguished from the

---

* The text of Instruction 16 reads:

A statute in South Dakota provides:
Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main-traveled portion of the roadway as nearly as possible.
This statute sets the standard of care of the ordinarily careful and prudent person. If you find defendant violated it, such violation is negligence.

A statute in South Dakota provides:
It is unlawful for any person to drive a motor vehicle on a highway located in this state at a speed greater than is reasonable and prudent under the conditions then existing.
This statute sets the standard of care of the ordinarily careful and prudent person. If you find defendant violated it, such violation is negligence.

admissibility of traffic safety statutes as evidence of the standard of care or duty alleged to have been breached in a civil action. Olsons' contention focuses essentially on their assertion that violation of a statute which sets forth the standard of care is proof of negligence. Here, the jury was provided with an instruction that violation of the statutes requiring a driver to yield one-half of the roadway and to drive at a speed reasonable for the conditions constituted negligence. They were also provided with the typical negligence instructions directing that the defendant's negligence must be the proximate cause of the collision to establish liability. Viewing the evidence presented in the light most favorable to the jury's verdict, the jury may have relied upon the evidence previously outlined to conclude that Judd's driving was not the proximate cause of the collision. As a result, the decisions of the trial court which submitted the liability question to the jury and allowed the verdict to stand do not demonstrate an abuse of discretion.

Given our holding in Olsons' appeal, the issue raised by Judd by way of notice of review is moot.

Affirmed.

MILLER, C.J., and AMUNDSON and KONENKAMP, JJ., concur.

SABERS, J., dissents.

SABERS, Justice (dissenting).

The majority states: "Both drivers were familiar with winter driving conditions in Boulder Canyon, including the fact that temperatures and road conditions can change rapidly over a short distance on this hilly and curvy road." Clearly, as to the passengers in the Olson vehicle, Judd was driving *too* fast for these conditions as he entered this curve and he *failed* to maintain control of his vehicle and hit the Olson vehicle in *their lane of travel.* He violated SDCL 32–26–1 and he cannot create a conflict in the evidence by claiming that he had no warning that the roadway was slippery. *Stevens v. Wood Sawmill, Inc.,* 426 N.W.2d 13, 15 (S.D.1988) (violation of safety statute is negligence as a matter of law unless legally excused; *"Evidence of due care does not furnish an excuse or justification."*) (emphasis in original) (citation omitted); *but see Dartt v. Berghorst,* 484 N.W.2d 891, 896 (S.D.1992) ("[W]here a driver encounters a sudden patch of ice on a roadway, loses control and crosses the center line, his breach of the statute may be legally excused.") In view of his extensive knowledge of the road conditions, the trial court should have directed a verdict as to his negligence and it was an abuse of discretion to refuse to do so. *Treib v. Kern,* 513 N.W.2d 908, 914 (S.D.1994).

The fatal defect in the majority's rationale is represented by the statement that: "... the jury may have relied upon the evidence previously outlined to conclude that Judd's driving was not the proximate cause of the collision." The proximate cause of this collision was the fact Judd's vehicle struck the Olson vehicle on the wrong side of the road. This was occasioned by Judd's driving too fast for the conditions he was aware of and his failure to maintain control of his vehicle on his side of the roadway.

The passengers in the Olson vehicle, as opposed to the driver, are without fault and they deserve a new trial. *Hepper v. Triple U Enter., Inc.,* 388 N.W.2d 525, 530–31 (S.D. 1986) (citations omitted) (when jury draws inferences that reason does not support, new trial should be granted).