Michael D. BRIDGE and Vicky
A. Bridge, Plaintiffs and
Appellants,

v.

KARL'S, INC., Defendant and Appellee.

Nos. 18791, 18807.

Supreme Court of South Dakota.

Considered on Briefs April 26, 1995.

On Reassignment Aug. 17, 1995.

Decided Oct. 11, 1995.

Ronald W. Banks and Samuel D. Kerr of Banks, Johnson and Colbath, Rapid City, Benjamin J. Eicher of Wallahan, Banks & Eicher, Rapid City, for plaintiffs and appellants.

Robert Morris of Quinn, Eiesland, Day & Barker, Rapid City, for defendant and appellee.

GILBERTSON, Justice (on reassignment).

This is an appeal by Mike (Mike) and Vicky Bridge from an order of the trial court denying their motion for judgment notwithstanding the verdict and an alternative motion for a new trial. More specifically they present two issues for our consideration:

I.

DID THE TRIAL COURT ERR IN SUBMITTING THE ISSUES OF PROXIMATE CAUSE AND DAMAGES TO THE JURY IN LIGHT OF THE FACT OF KARL'S ADMISSION OF NEGLIGENCE AND THE TESTIMONY OF MIKE'S EXPERT WITNESSES AS TO DAMAGES?

II.

DID THE TRIAL COURT ERR IN TAXING CERTAIN COSTS?

We affirm as to Issue I and reverse and remand per stipulation of the parties as to Issue II.

### FACTS AND PROCEDURE

On January 11, 1991, Mike was traveling westbound on Omaha Street in Rapid City enroute to an appointment with a realtor. Mike stopped his vehicle behind several other vehicles at a red light at the intersection of West Boulevard and Omaha Street. After the light turned green, Mike drove westbound behind the other vehicles until the lead vehicle stopped in the inside westbound lane to make a left hand turn across oncoming traffic into a parking lot. The lead vehicle had made a proper left hand turn signal. Mike and the other drivers in front of Mike stopped behind the lead vehicle.

While stopped, Mike heard tires sliding behind his vehicle. He glanced into his rear view mirror and saw a pickup owned by Karl's Inc. (Karl's) sliding towards the rear end of Mike's vehicle at what Mike described as somewhat of a slant. Fearing an accident was imminent, Mike leaned to his right with his head about one foot off the seat. The Karl's pickup, driven by an employee, struck the rear of Mike's vehicle. On cross-examination Mike testified he did not recall his head making any type of movement because of the impact.

After the impact, the drivers of both vehicles drove their vehicles from the accident scene to a parking lot where they exchanged information. Ron Hubbard, the Karl's driver, told Mike that he had failed to see Mike's vehicle before the accident occurred. Immediately after the accident, Mike admitted he

felt no pain. He proceeded to keep his appointment with the realtor.

A picture of Mike's vehicle showing the damage to it was characterized by the trial court at a post-trial hearing as a "small little dent" and "a minor accident." At the same hearing, counsel for Mike was forced to admit there was only "minor physical damage" to the vehicle as a result of the impact. The police were not summoned to the accident scene as it was believed by those at the scene that the property damage did not exceed $500.00.[1]

Following completion of his appointment with the realtor, Mike went to the emergency room of the Rapid City Regional Hospital for a checkup for any injuries resulting from the accident. Mike complained of suffering from pain in his neck, limitation of neck movement, radiating headaches, shoulder pain and radiating pain into his right arm.

Mike and Vicky brought suit against Karl's for personal injuries, lost wages, loss of earning capacity, pain and suffering, and other special and compensatory damages including loss of consortium for Vicky. Prior to trial, Karl's filed an admission which stated it was "legally liable for any injury that Michael Bridge may have suffered, *proximately* resulting from the accident on January 11, 1991." (emphasis added).

A jury trial commenced on February 14, 1994. The jury returned a form entitled "Verdict for the Defendant" in favor of Karl's on all issues. The trial court taxed costs in favor of Karl's pursuant to SDCL 15–17–37 and –44 in the amount of $2,464.68.

Thereafter Mike and Vicky moved the trial court for a judgment notwithstanding the verdict or in the alternative a new trial. The trial court denied both motions. This appeal followed.

### ANALYSIS AND DECISION

I. *Motion for Judgment Notwithstanding the Verdict or for a New Trial*

A. *Standard of Review*

 The long-standing standard of review concerning motions for a directed ver-

dict and judgment notwithstanding the verdict is set forth in *Westover v. East River Elec.*, 488 N.W.2d 892, 896 (S.D.1992):

Our standard of review of the circuit court's denial of a directed verdict and of the jury's determination in favor of [the] plaintiff is well established. We must examine the evidence in the light most favorable to the non-moving party and give him the benefit of all reasonable inferences. *Robinson v. Mudlin*, 273 N.W.2d 753, 755 (S.D.1979). The moving party is entitled to evidentiary consideration only where its evidence is uncontradicted or tends to amplify, clarify or explain the evidence in support of the verdict of the jury for the prevailing party. *Nugent v. Quam*, 82 S.D. 583, 152 N.W.2d 371, 374 (1967).

In such a context, it becomes our task to review the record and determine whether there is any substantial evidence to allow reasonable minds to differ. *Haggar v. Olfert*, 387 N.W.2d 45 (S.D.1986). This court does not weigh the evidence and substitute its judgment for that of the jury. *Robinson*, 273 N.W.2d at 755; *Berg v. Sukup Mfg.*, 355 N.W.2d 833, 835 (S.D.1984). The decision of the jury is likely to be upheld as questions of negligence ... are for the determination of the jury 'in all except the rarest of instances.' *Stoltz v. Stonecypher*, 336 N.W.2d 654, 657 (S.D.1983).

 Whether the jury's verdict should result in a new trial being granted is left to the sound discretion of the trial court. We will not overturn that ruling without a clear showing of an abuse of discretion. *Dartt v. Berghorst*, 484 N.W.2d 891, 894 (S.D.1992). An abuse of discretion occurs only if no " 'judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion.' " *Id.* (quoting *Jensen v. Weyrens*, 474 N.W.2d 261, 263 (S.D.1991)).

B. *The Jury Verdict Form*

Mike's position as set forth at page 18 of his brief is that "(i)n the present action *lia-*

---

1. While the jury was not present at this hearing, it saw the same picture and could draw its own conclusions.

*bility was not in issue.*" (emphasis original). However, the admission of Karl's left more for the jury to decide than just the appropriate amount of damages due Mike and Vicky. Rather, the admission states Karl's is "legally liable for any injury that Michael Bridge may have suffered, *proximately* resulting from the accident on January 11, 1991." (emphasis added.) SDCL 21–3–1 makes a person liable for one's negligence "proximately caused thereby."

Thus, instead of admitting liability, Karl's admitted the negligence of its driver but left for the jury the issues of proximate cause and any resulting damages. This distinguishes the case now before us from those cases where the defendant admitted both negligence and proximate cause, or it was found as a matter of law, thus leaving only the issue of the amount of damages for a jury determination.

■ This case is a claim for personal injury damages alleged to have resulted from an automobile accident. These types of cases are frequently in the courts and the law concerning them is well settled. Mike requested approximately $700,000 for medical bills, pain and suffering and other damages. Karl's viewed this as a minor fender-bender and sought through cross-examination of Mike's witnesses to show the jury that Mike's claims were significantly exaggerated throughout the trial. The jury was called upon to make difficult choices as to proximate cause,[2] and if established, the extent of damages, if any.

■ Given the fact that proximate cause was a jury issue, we find no problem with submitting the two verdict forms that were used by the trial court. Whether to use such general forms rests with the sound discretion of the trial court. *Miller v. Hernandez*, 520 N.W.2d 266 (S.D.1994). The form was simple and easy to understand by jurors of average intelligence.[3] The real issue thus becomes whether there is an evidentiary basis to support the jury's verdict.

### C. *Evidentiary Basis to Support the Jury's Verdict*

Mike argues the evidence is uncontradicted as Karl's called no witnesses in its behalf. Mike states he incurred medical expense as a result of the accident and his two medical experts, Dr. Gruba, a chiropractor, and Dr. James, a neurosurgeon, both testified that Mike sustained permanent injuries as a result of the accident.

It is uncontradicted that shortly after the accident, Mike went to the emergency room of a Rapid City hospital to be examined. He incurred a bill of $306.44 for this examination. This is recoverable only if Mike's injury was proximately caused by the accident and the expense resulting from the emergency room visit was reasonably incurred medical care. *Smith v. Weber*, 70 S.D. 232, 238, 16 N.W.2d 537, 540 (1944). Clearly the trip to the hospital came after the accident, but was it reasonably incurred medical care? At the accident scene, Mike admitted he felt no pain and proceeded to keep a real estate

---

2. The trial court correctly instructed the jury on this issue as follows:

 For the purpose of this proceeding only, the defendant has admitted legal liability for any injury plaintiff may have suffered, proximately resulting from the accident in question. By virtue of that admission, the only issues submitted to you are what injury to the plaintiff, if any, has been proximately caused, and the amount of damages, if any, that he is entitled to recover for compensation.

 Such an admission of legal liability should in no way prejudice you either for or against the defendant, nor influence you in any way in determining the issue submitted to you.

3. The verdict form entitled "Verdict for the Defendant" used by the jury simply stated, "We, the jury, duly impaneled in the above-entitled action

and sworn to try the issues therein find for the Defendant upon all the issues."

 The form submitted entitled "Verdict for the Plaintiff" rejected by the jury was not much more exotic. It stated:

 We, the jury, duly impaneled in the above-entitled action and sworn to try the issues therein find for the Plaintiffs and assess Michael Bridge's damages at the sum of $_____.

 We, the jury, duly impaneled in the above-entitled action and sworn to try the issues therein find for the Plaintiffs and assess Vicky Bridge's damages at the sum of $_____.

 Based on the correct instructions given by the trial court in this case, we are fully confident that jurors of average intelligence in this state would have no difficulty in understanding and correctly using these types of forms.

appointment. Only then did he go for the checkup. Thus, a jury question arises to the medical reasonableness of the bill. Unfortunately for Mike, the jury found against him. The substantial claim for subsequent medical bills incurred for treatment by Dr. Gruba,[4] Dr. Sabow and Dr. Jones were also for the determination by the jury. It again found against Mike.

Mike also argues the uncontradicted testimony of Dr. Gruba and Dr. James established permanent injury as proximately caused by the accident. Dr. Gruba concluded Mike's injury was caused by the accident based on facts given him by Mike. There appears to be some contradiction in these facts such as the speed of the Karl's vehicle, whether Mike was upright or nearly laying down on the seat immediately prior to the collision, and whether Mike's head remained stationary or whipped backwards due to the force of the accident.

Dr. James did not discuss the specifics of the accident with Mike. Mike told him he was involved in a vehicular accident, injured his neck, and was experiencing pain. From this, Dr. James assumed the accident was the proximate cause of the injury.

█ We begin analysis of this issue from the long-accepted premise that the purpose of expert testimony is to assist the jury as the trier of fact and not to supplant it. *Olesen v. Lee*, 524 N.W.2d 616, 620 (S.D. 1994). This state is not a trial-by-expert jurisdiction. *Cf. State v. Jenkins*, 260 N.W.2d 509, 513 (S.D.1977). The value of the opinion of an expert witness is no better than the facts upon which it is based. It cannot rise above its foundation and proves nothing if its factual basis is not true. It may prove little if only partially true. *Podio v. American Colloid Co.*, 83 S.D. 528, 532, 162 N.W.2d 385, 387 (1968). The credibility of witnesses and the evidentiary value of their testimony falls solely within the province of the jury. *Miller*, 520 N.W.2d at 272.[5]

█ As the plaintiff, Mike had the burden of proof on causation and the extent of his injuries, if any. The jury found he failed in that burden. This is not to say that every doctor or expert must conduct a personal investigation as to causation to render an opinion that certain injuries were caused by certain events. It does however, place in the jury's hands, the question of foundation, when challenged, upon which the expert's conclusions are ultimately based.

█ Factually this case is a close call. But the rules for new trials and judgments notwithstanding the verdict clearly apply to resolve close calls. *See Olson v. Judd*, 534 N.W.2d 850, 852 (S.D.1995). If this jury's verdict can be explained with reference to the evidence, rather than by juror passion, prejudice or mistake of law, then this verdict must be affirmed. *Miller*, 520 N.W.2d at 272. Viewing the evidence in a light most favorable to the verdict, we cannot say the jury's award was a result of passion or prejudice or that the jury was palpably mistaken on the rules of law by which damages in this case are to be measured.

---

4. During trial, Karl's pointed out to the jury that it was 27 days from the date of the accident and emergency room exam until Mike sought further medical treatment. This was from Dr. Gruba, a chiropractor who had his office next door to where Mike worked.

5. Mike relies heavily upon the case of *Bertness v. Hanson*, 292 N.W.2d 316 (S.D.1980) which he characterizes as factually "not materially distinguishable" from the present case. However, in *Bertness* (a 3–2 decision), the majority found the plaintiff's medical experts to be unimpeached. Such is not the case herein where Karl's had argued from the outset that the issue of proximate cause was based solely on Dr. Gruba's and Dr. James' "assumptions." Mike's factual version of the accident, including the speed of the Karl's vehicle and the position of Mike's body and head at the time of impact, provided the foundation for his physicians' assumptions. When there is inconsistency and contradiction in the facts, the conclusion may be faulty. As noted above, the value of an expert witness' opinion is dependent on the facts upon which it is based and cannot rise above its foundation. *Podio*, 162 N.W.2d at 387.

We also note the incisive observation of Chief Justice Wollman in his dissent in *Bertness:*
In view of the verdict actually returned, however, I am at a loss to understand why on review this testimony should be accorded a credence that the jury implicitly found it did not have.
292 N.W.2d at 320.

As such, the trial court did not abuse its discretion in denying the motion for a judgment notwithstanding the verdict and the motion for new trial.[6]

## II. Costs

Both Mike and Karl's now agree the original amount of costs taxed was incorrect and the correct amount is $1,737.88. This issue is reversed and remanded to the trial court to make the appropriate correction.

MILLER, C.J., and AMUNDSON, J., concur.

SABERS, J., and MOSES, Circuit Judge, dissent.

MOSES, Circuit Judge, sitting for KONENKAMP, J., disqualified.

MOSES, Circuit Judge (dissenting).

A cause of action for negligence requires four elements: 1) a duty; 2) a breach of that duty; 3) proximate cause; and 4) actual loss, damage or injury. *Goff v. Wang,* 296 N.W.2d 729 (S.D.1980); *Leslie v. City of Bonesteel,* 303 N.W.2d 117 (S.D.1981); *Johnson v. Jongeling,* 328 N.W.2d 275 (S.D.1983). If the jury finds each of these elements present, it must fix an amount of money, if any, that would reasonably and fairly compensate the plaintiffs for the loss suffered in person or property proved by the evidence to have been proximately caused by the negligence of the defendant. *Lien v. McGladrey & Pullen,* 509 N.W.2d 421 (S.D.1993).

In this case, the defendant filed an "Admission of Legal Liability." The trial court instructed the jury, giving them two jury verdict forms: one for the plaintiffs and one for the defendant. The jury returned the verdict for the defendant on all of the issues.

The issue is whether the trial court erred in submitting a verdict form for the defendant on all of the issues when the defendants had previously admitted liability.

In any civil case where liability is admitted, the only issue for the jury to consider is the question of damages proximately caused by the accident. There is no need to present the issue of liability to the jury in a verdict form once liability is admitted.

The question before us is whether the document entitled "Admission of Legal Liability" is an admission of liability, in which case the only issue for the jury to resolve is the question of damages, or whether is it an admission of negligence, leaving the issue of proximate cause and the question of damages for the jury.

Here the majority has ruled that the jury verdict for the defendant in this case is satisfactory because what the defendant really meant by his admission of legal liability is that he only admitted to the negligence of the accident and left the issues of proximate cause and any resulting damages for the jury. We can understand that, if you accept the majority interpretation of this "Admission of Legal Liability" that the defendant only admitted "negligence," it would follow that two jury verdict forms should have been provided. However, I am not sure that the "Admission of Legal Liability," based on the interpretation given it by the majority, has any effect on the resolution of this case. If it is not an admission of legal liability but only an admission of negligence, there would be no need to file such a document to admit negligence.

If a party files an "Admission of Legal Liability" it means to me that there is nothing left to determine on the liability issue, and only the issue of damages must be determined by the jury. The perimeters of what is needed and allowed into evidence to prove this issue has been reviewed and decided in several cases starting with *Piper v. Barber Transportation Co.,* 79 S.D. 353, 112 N.W.2d 329 (1961). In *Piper,* the Court noted that when an issue has been removed from a case by an admission, it is error to receive evidence which is material solely to the excluded matter. *Id.,* 112 N.W.2d at 336.

Based on the circumstances of this case and the jury verdicts presented, the intention of the jury is not clear, certain nor free from

---

6. By Notice of Review, Karl's seeks to raise the issue of the admission of the videotaped deposition of Dr. James on behalf of Mike. As we have affirmed the jury verdict in favor of Karl's, we do not reach this issue.

ambiguity under the verdict rendered in this case. *Anderson v. Paulson*, 77 S.D. 583, 96 N.W.2d 305 (1959). When the intention of the jury is a matter of surmise or inference, such a verdict is insufficient within the purview of SDCL 15–14–30. *Anderson, supra* 96 N.W.2d at 306.

One can argue that the jury, in effect, found zero damages for the plaintiffs by coming back with the verdict for the defendant on all of the issues. However, if the admission of legal liability means anything, there only needed to have been one verdict form submitted to the jury, for the amount of damages allowed, if any, to the plaintiffs.

I would reverse for a new trial only on the issue of damages, for the plaintiff holding that the defendant's "Admission of Legal Liability" has removed the liability issue from consideration of the jury using only one jury verdict form for the plaintiffs.

As to the remaining issues on the taxation of costs and notice of review, I concur with the majority.

Justice SABERS joins in this dissent and I have been authorized to so state.