PORTRA, Circuit Judge
(dissenting).
[¶ 33.] I respectfully dissent. The majority substitutes its judgment for that of the trial court and the jury, and in the process, undermines the validity of the jury system.
[¶ 34.] The majority acknowledges that the proper standard of review is whether the trial court abused its discretion. This Court previously explained that standard as follows:
Our standard of review of the circuit court’s denial of a directed verdict and of the jury’s determination in favor of [the defendant] is well established. We must examine the evidence in the light most favorable to the non-moving party and give him the benefit of all reasonable inferences. Robinson v. Mudlin, 273 N.W.2d 753, 755 (S.D.1979). The moving party is entitled to evidentiary consideration only where its evidence is uncontradicted or tends to amplify, clarify or explain the evidence in support of the verdict of the jury for the prevailing party. Nugent v. Quam, 82 S.D. 583, 152 N.W.2d 371, 374 (1967).
In such a context, it becomes our task to review the record and determine whether there is any substantial evidence to allow reasonable minds to differ. Haggar v. Olfert, 387 N.W.2d 45 (S.D.1986). *304 This Court does not weigh the evidence and substitute its judgment for that of the jury. Robinson, 273 N.W.2d at 755; Berg v. Sukup Mfg., 355 N.W.2d 833, 835 (S.D.1984). The decision of the jury is likely to be upheld as questions of negligence ... are for the determination of the jury ‘in all except the rarest of instances.’ Stoltz v. Stonecypher, 336 N.W.2d 654, 657 (S.D.1983).
Whether the jury’s verdict should result in a new trial being granted is left to the sound discretion of the trial court. We will not overturn that ruling without a clear showing of an abuse of discretion. Darbt v. Berghorst, 484 N.W.2d 891, 894 (S.D.1992) [95 SDO 579]. An abuse of discretion occurs only if no “ ‘judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion.’ ” Id. (quoting Jensen v. Weyrens, 474 N.W.2d 261, 263 (S.D.1991)).
Bridge v. Karl’s, Inc., 538 N.W.2d 521, 523 (S.D.1995). This standard of review is the most deferential applied by this Court. Yet according to the majority, the experienced trial court and the twelve men and women of the jury selected by the parties apparently came to a conclusion, by unanimous decision, that no reasonable person could come to.
[¶ 35.] It is without question that Washburn was negligent. However, that is not the end of our inquiry. If the jury found that Harmon was eontributorily negligent, more than slight, then she is precluded from recovery. Although the violation of a statute may be negligence per se, one does not have to violate a statute in order to be negligent.
Negligence is the failure to use reasonable care. It is the doing of something which a reasonable person would not do, or the failure to do something which a reasonable person would do, under facts similar to those shown by the evidence. The law does not say how a reasonable person would act under facts similar to those shown by evidence. That is for you to decide.
Jury Instruction No. 5; SDPJI 10-01. This Court has previously endorsed the giving of this instruction. Kappenman v. Strok, 2005 SD 96, ¶ 15, 704 N.W.2d 36, 41.
[¶ 36.] When the evidence produced at trial is examined, there are sufficient facts to support the jury’s verdict. Harmon testified that she saw a line of approximately ten cars pulling onto the highway in front of her and some people riding horses moving in the same direction as the vehicles. She attempted to pass this line of cars as she entered onto the Cheyenne River Bridge. She acknowledged that she was not certain about what the vehicles were going to do, and she was aware from her experience as a rancher that sometimes vehicles turn off the highway onto approaches that are difficult to see. Harmon also admitted that she did not do anything such as honking her horn or flashing her lights to warn the line of vehicles that she was passing.
[¶ 37.] The majority also asserts that it is undisputed that Harmon was traveling between thirty to thirty-five miles per hour as she passed the caravan. However, the nature of the accident tends to bring that into question. Harmon’s vehicle hit Wash-burn’s vehicle with sufficient speed that Harmon’s vehicle flipped over Washburn’s vehicle. The jury was instructed that they “have a right to consider the common knowledge possessed by all of you, together with the ordinary experiences and observations in your daily affairs of life.” Jury Instruction No. 28; SDPJI 1-04; Gross v. Connecticut Mutual Life Ins. Co., 361 N.W.2d 259, 269-70 (S.D.1985).
[¶ 38.] It seems highly unlikely that a vehicle traveling thirty-five miles per hour *305 and striking another vehicle in a t-bone style accident would flip over the vehicle that was struck in the manner testified to by Harmon. It is quite possible that the jury rejected Harmon’s testimony as to speed because the physical evidence of the accident was inconsistent with her version of the events, even without contradictory testimony.
[¶ 39.] It is also possible that the jury did not believe Harmon’s testimony regarding damages. Harmon denied having similar back problems prior to the accident; however, her testimony was contradicted by her medical records and the testimony of Dr. Nelson. The jury was instructed, “If you believe that any witness testifying in this case has knowingly sworn falsely to any material matter in this case, then you may reject all of the testimony of the witness.” Jury Instruction No. 26; SDPJI 2-04; State v. Rosales, 302 N.W.2d 804, 806 (S.D.1981). If the jury found that Harmon was lying and rejected all of her testimony, then it is not surprising that they found for Washburn. It is impossible to determine whether that is what happened in this case, but that is precisely the problem with attempting to invade the jury room.
[¶ 40.] It is prudent to compare the facts of this case with those in Bridge. In Bridge, the defendant admitted liability for any of the plaintiffs injuries proximately caused by an automobile accident. Bridge, 538 N.W.2d at 523. The jury returned a verdict for the defendant, and the plaintiff moved for judgment notwithstanding the verdict or a new trial. Id. This Court affirmed. Id. at 526. In doing so, the Court wrote:
Factually this case is a close call. But the rules for new trials and judgments notwithstanding the verdict clearly apply to resolve close calls. See Olson v. Judd, 534 N.W.2d 850, 852 (S.D.1995). If this jury’s verdict can be explained with reference to the evidence, rather than by juror passion, prejudice or mistake of law, then this verdict must be affirmed. Miller [v. Hernandez], 520 N.W.2d [266] at 272 [(S.D.1994)]. Viewing the evidence in a light most favorable to the verdict, we cannot say the jury’s award was a result of passion or prejudice or that the jury was palpably mistaken on the rules of law by which damages in this case are to be measured.
Id. at 525.
[¶ 41.] This Court should follow that precedent in this case. As in Bridge, there has been no finding of passion, prejudice, or mistake of law. In fact, Harmon does not even argue that the jury was instructed improperly on the law. Simply put, Harmon does not agree with the jury’s decision. However, it does not matter if she agrees with the jury’s decision, nor even if we agree with the jury’s decision. It only matters whether the decision can be supported by a review of the evidence most favorable to the verdict, and as discussed above, it can.
[¶ 42.] This Court’s previous decision in Treib v. Kern, 513 N.W.2d 908 (1994) is also particularly instructive. That case also involved a car accident and the accompanying issues of negligence and contributory negligence, and that jury also found for the defendant. Id. at 910. The plaintiff appealed the trial court’s denial of his motions for directed verdict and judgment notwithstanding the verdict, and this Court affirmed. Id.
[¶ 43.] As in this case, the defendant in Treib violated a statute and was negligent per se. Id. at 913. Additionally, the plaintiff was not found to have violated a particular statute. However, the trial court found, and this Court agreed, that the plaintiff should have realized that he was *306 within the zone of danger and either honked to alert the defendant of his presence or taken evasive action. Id. This Court went on to say:
It is for the jury to decide whether [plaintiff] was guilty of contributory negligence for failure to use reasonable care in discovering the danger and avoiding a collision. Winburn v. Vander Vorst, 74 S.D. 531, 55 N.W.2d 609 (1952). A determination supported by evidence will not be disturbed even though there are facts which would warrant a different conclusion. Rumbolz v. Wipf, 82 S.D. 327, 145 N.W.2d 520 (1966).
After viewing the evidence in a light most favorable to [defendant] and giving him the benefit of all reasonable inferences, we conclude that reasonable minds could differ as to [plaintiffs] contributory negligence. “[I]t is not the function of this court on review to weigh conflicting evidence or to pass upon credibility of witnesses; that task lies within the province of the jury.” Sharkey v. Washington Nat. Ins. Co., 373 N.W.2d 421, 427 (S.D.1985) (citing Lukens v. Zavadil, 281 N.W.2d 78 (S.D.1979); Kamp Dakota, Inc. v. Salem Lumber Co., Inc., 89 S.D. 696, 237 N.W.2d 180 (1975)). Therefore, the trial court did not abuse its discretion in denying the motions for directed verdict and judgment notwithstanding the verdict.
Id. (footnote omitted).
[¶ 44.] Just as in Treib, Harmon failed to warn the vehicles that she was passing by honking her horn and/or flashing her lights. By attempting to pass ten ears on a bridge she also placed herself in a situation where she would not be able to take any evasive action in the event of an emergency, even though it was apparent that the ten cars were not traveling in a normal fashion and extra caution may be required. It was up to the jury to decide if Harmon’s actions constituted negligence under the unique circumstances of this case, and if so, whether her negligence was more than slight in comparison to that of Washburn.
[¶ 45.] In summary, there was sufficient evidence presented to create a question for the jury. It answered in favor of Washburn. We should not interfere with its verdict by directing a verdict for Harmon.
[¶ 46.] GILBERTSON, Chief Justice, joins this dissent.